[Department One.—January 2, 1883.]

# IN THE MATTER OF THE ESTATE OF GIOVANNI SBARBORO, DECEASED.

PROBATE OF WILL — PETITION° TO REVOKE — LIMITATION — POWER OF COURT. — A petition to revoke the probate of a will, if the parties are under no disability, must be filed within a year after the entry of the decree admitting the will to probate. The clerk of the court is the only person with whom the petition can be filed, and it must be delivered to him before the year expires. Presenting it to the judge out of court for the purpose of having a citation issued upon it is not enough. It must be filed with the clerk, and if not so filed prior to the expiration of the year, the decree becomes conclusive and absolute. An order subsequently made by the court directing the clerk to file it as of a day within the year cannot be sustained.

APPEAL from certain orders and a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*John M. Burnett,* and *E. D. Sawyer,* for Appellants.

The presentation of the petition for the revocation of the probate of the will to the judge at his private residence, on the 2d day of December, 1879, and his retention of the same for examination, and his delivery thereof to the clerk, on the 3d day of December, was not the filing in the court in which the will was heard, as required by the statute, and that therefore

said petition was not filed within one year after the probate of the will. (Code Civ. Proc. § 1327; *Tregambo* v. *Comanche Mill and Mining Co.* 57 Cal. 501; *Engleman* v. *State,* 2 Ind. 91; Bouvier Law Dictionary, word "file"; *Lamson* v. *Falls,* 6 Ind. 309.)

The clerk is the custodian of the papers, and alone can mark them filed.

*Aug. D. Splivalo,* and *R. W. Hent,* for Respondents.

There is no law or provision that a paper which has to be *filed in court* should be delivered for filing to the clerk rather than the judge. The authorities say that the words "judge" and "court" are synonymous. (*Michigan R. R. Co.* v. *N. Ind. R. R. Co.* 3 Ind. 239; *Gold* v. *Vermont C. R. R.* 19 Vt. 478; *McClure* v. *McClurey,* 52 Mo. 173.)

Petitioners herein did present an unfiled petition for action, and the moment the judge took it into his possession it was filed in court; it was taken official possession of and considered with the other papers in the case, and upon this filed petition the order of citation was issued by the court. (*Tregambo* v. *Comanche M. & M. Co.* 57 Cal. 501; *Engleman* v. *State,* 2 Ind. 91; *Bishop* v. *Cook,* 13 Barb. 326; *Lamson* v. *Falls,* 6 Ind. 309.)

The last case is to the point. It says: "To file a paper is considered an exhibition of it to the court, and the clerk's office in which it is filed represents the court for that purpose."

McKEE, J.—This appeal is from certain orders and a judgment entered in a proceeding for revocation of the probate of the last will and testament of G. Sbarboro, deceased.

Proceedings for the revocation of the probate of a will must be commenced in the court in which the will was proved, within one year after the probate. (§ 1327, Code Civ. Proc.) If the validity of the will or its probate be not contested within that time, the validity and probate become final and conclusive upon all parties interested in the estate, except infants and persons of unsound mind. (§§ 1333, 1908, Code Civ. Proc.) Proceedings for contesting the probate of a will are a suit in the nature of an action by parties interested in the estate against the administrator, with the will annexed, or the executor of the

will, the legatees, devisees, and heirs of the estate, and they are
commenced by filing a petition in the court in which the will
was proved.   A petition is filed by delivering it to be filed to
the officer of the court who is entitled to receive it for that pur-
pose, and to the custody of it after it has been filed.   The clerk
of the court below was the only person entitled to the custody
of the petition.   As custodian of the papers of a cause, he was,
therefore, the only person to whom the petition could have been
presented for filing, and when presented it was his duty to
receive and indorse it filed.   As matter of fact the petition in
the case *was* delivered to the clerk of the court for filing about
nine o'clock A. M. of the 3d day of December, 1879; but the
decree of the court admitting the will to probate had been
entered on the 2d day of December, 1878, and the "year"
within which the probate could be contested had run at mid-
night of December 2, 1879; therefore the petition was not filed
in time, and the validity of the will and its probate became final
and conclusive upon the petitioners — there being no legal disa-
bilities.   However, the clerk indorsed the petition as follows:
"Filed by order of court Dec. 2, 1879."   But the indorsement
was made on the 4th day of December, 1879, under the follow-
ing order made by the court on the same day: "It is by this
court ordered that the clerk of this court mark the said petition
filed as of December 2, 1879, and that he make and enter the
said order as of the same day."   That order was made upon
proof to the satisfaction of the court that between the hours of
seven and eight o'clock P. M. of December 2, 1879, the petition,
before it was filed or presented to the clerk for filing, had been
presented to the judge of the court at his private residence, for
an order for the issuance of a citation upon it, and for the pur-
pose of examining it, so as to determine whether the petitioners
were entitled to the order, the judge retained the petition in his
possession until the morning of the 3d day of December, 1879,
when he took it to the office of the clerk of the court, and about
nine o'clock A. M. on that day delivered it with his order for
the issuance of a citation thereon, to one of the deputy clerks of
the court, in the clerk's office, and verbally directed him to file
the same as of the 2d day of December, 1879; but the clerk
did not, at the time of receiving the petition from the judge, file

it, because the attorneys for the administrator with the will annexed, being present, objected; and on the 4th day of December, 1879, the court heard the objection and overruled it, and made the order requiring the clerk to indorse the petition filed as of the 2d day of December, 1879, which was accordingly done. The court afterwards refused to set aside its order, and denied a motion made to correct the indorsement of the filing by the clerk so as to show the true date of the filing, but upon the trial found the facts as to the presentation and filing of the petition upon which its order was made.

The ruling and order of the court were erroneous. As the petition had not been, in fact, filed in the court within the "year," it was too late to file it at all; and the court could not legally, after the expiration of the time, by order, relieve the petitioners from the legal consequences of their own laches or delay. Time was of the essence of the proceedings commenced by the petitioners. The provisions of the law directing the proceedings to be had and the time within which they might be commenced were, in that regard, imperative, not directory, for the law declared the effect of not commencing them in time — it made the thing which the proceedings were intended to assail conclusive and unassailable; and the court in which the proceedings were begun had no authority by order or otherwise to direct that to be done, which had not, in fact, been done, or to adjudge that which the law pronounced conclusive to be invalid and void.

Presenting an unfiled petition to the judge of a court for the purpose of obtaining from him an order for a citation upon it, is not filing it in court, nor the equivalent of filing it. It is no part of the duty of a judge to receive a petition in a cause for filing, or to file it, or to make an order for its filing, or for issuing a citation upon it, unless some law expressly requires of him the performance of such a duty. There was no law which required of the judge of the court in this case performance of any one of those acts. The duty of filing the petition, and issuing citation upon it, when filed, was cast by law upon the clerk of the court. (§ 1328, Code Civ. Proc.) Being purely ministerial acts, they had to be done within the time prescribed by law; and as they were not done by the proper officer, the

rights of parties which had attached and become fixed by reason of their non-performance could not be disturbed. It was, therefore, error for the court by its order to direct the clerk to indorse on the petition that it had been filed on a day when it was not, in fact, filed nor delivered to him for filing. The order to that effect should have been set aside and the petition itself dismissed.

Judgment and orders reversed and cause remanded.

McKINSTRY, J., and Ross, J., concurred.

Hearing in Bank denied.