[S. F. No. 4872.   In Bank.—April 3, 1908.]

LAURA E. TRACY et al., Petitioners, v. JAMES V. COFFEY, as Judge of the Superior Court of the City and County of San Francisco, Respondent.

PROBATE ORDERS—ENTRY IN MINUTE-BOOK—TIME OF APPEAL—FORM OF ORDER SIGNED BY JUDGE.—Section 1704 of the Code of Civil Procedure requires probate orders to be entered in the minute-book of the court, and it is the order there entered, and not a separate paper signed by the judge purporting to embody the terms of the order, that is the order of the court, and it is the date of the entry of this order which sets the time running for an appeal.

ID.—CAPTION OF ORDER—OMISSION OF NAME OF COURT.—In making entries of orders in the minute-book it is not necessary to begin the entry of each order with a statement of the name of the court in which it is made.

ID.—DISCREPANCIES BETWEEN ORDER AS ENTERED AND DOCUMENT SIGNED BY JUDGE.—The fact that another memorial exists, consisting of a document signed by the judge and filed with the papers in the case, and that there are some slight discrepancies between such

document and the entry in the minute-book, does not affect the validity of the minute entry, nor extend the time of appeal until another entry was made.

APPLICATION for a Writ of Mandate directed to James V. Coffey, as Judge of the Superior Court of the City and County of San Francisco to compel the settlement of a bill of exceptions.

The facts are stated in the opinion of the court.

Horace W. Philbrook, W. J. Bartnett, and William T. Baggett, for Petitioners.

J. C. Campbell, and Thomas H. Breeze, for Respondent.

SHAW, J.—The petitioners apply for a writ of mandate to compel the respondent, as judge of the superior court of the city and county of San Francisco, to settle a bill of exceptions relating to the proceedings and evidence taken upon the making of an order admitting to probate the will of Jacob Z. Davis, deceased, the purpose of the petitioners being to use the said bill of exceptions upon an appeal to the supreme court from said order.

The order in question was made on August 17, 1897, and was entered at length in the regular minute-book of the department of the superior court on September 5, 1897. The time for taking the appeal therefrom expired on November 4, 1897. Before this entry the order was reduced to writing and signed by the judge. The document as signed had a caption at the top of its first page beginning with the words ''In the Superior Court of the City and County of San Francisco, State of California, Department 9. Probate.'' In entering the order in the minute-book, this part of the caption was omitted. At another place in the entry the word ''said,'' of the phrase ''the said proofs,'' as the order was drawn in the document, was omitted.

Claiming that these omissions vitiated the act of entering the order and rendering the entry null and void, the petitioners caused it to be again entered in the minute-book of the court on July 31, 1907, with the aforementioned part of the caption and the word ''said'' carefully inserted. Their contention now is that this latter entry is the only valid and

effectual entry of the order that has ever been made, and that the time wherein they could appeal therefrom did not begin to run until that date. Acting upon that theory they took proceedings for an appeal to this court within sixty days after the said date and asked for the settlement of the proposed bill of exceptions.

The variations aforesaid of the minute-book entry of September 5, 1897, from the signed order, did not vitiate it, or annul its effect as an entry of the order. It is admitted that that entry was made in the proper minute-book. The part of the caption omitted was not a necessary part of the order and the omission of the word "said" did not affect the meaning of the phrase and was of no importance or significance. There is no statute expressly authorizing the making of a memorial of the terms of an order of the superior court by the method of writing it on a separate piece of paper and having the judge attach his signature thereto. It has become customary to do so in many instances and the courts have often recognized such a memorial as competent evidence of the terms of the order. But the code (Code Civ. Proc., sec. 1704) expressly requires probate orders to be entered in the minute-book of the court. It is the order there entered which is the order of the court, and it is the date of the entry of this order which, under our decisions, set the time running for an appeal. In making entries in the minute-book it is neither necessary, nor, so far as we are advised, customary, to begin the entry of each order with a statement of the name of the court in which it is made. The fact that another memorial exists consisting of a document filed with papers in the case, and that there are some slight discrepancies, such as those above mentioned, between the filed order and the entry in the minute-book, would not affect the validity of the minute entry, nor extend the time of appeal, until another entry was made. The petitioners have no valid appeal and no right to any bill of exceptions on the appeal they are attempting to take.

The petition is denied.

Henshaw, J., Lorigan, J., Angellotti, J., Sloss, J., and Beatty, C. J., concurred.

Rehearing denied.