[S. F. No. 5638. Department One.—March 7, 1911.]

In the Matter of the Estate of JEMIMA PARSONS, Deceased. M. J. HYNES, Special Administrator of the Estate of George Ayling, Deceased, Appellant, v. W. E. CASHMAN, Executor of the Will of Jemima Parsons, Deceased, et al., Respondents.

PETITION TO REVOKE PROBATE OF WILL—LAPSE OF YEAR—DISMISSAL— ABSENCE OF EVIDENCE FROM RECORD—REVIEW UPON APPEAL.—On an

appeal from an order dismissing a petition to revoke the probate of a will, on the ground that it was filed more than one year after the will was admitted to probate, where the record contains no bill of exceptions showing the evidence taken and considered by the court upon the hearing of the motion to dismiss, the only question that can be considered is whether or not the record, or what may be considered as the judgment-roll, is sufficient to sustain the order.

ID.—RECORD UPON APPEAL—PETITION WITH DATE OF FILING—MOTION TO DISMISS—ORDER WITH RECITAL OF DATE OF PROBATE—LAPSED YEAR SHOWN.—Where the papers constituting the record upon appeal are the petition to revoke the probate, with date of filing, May 7, 1908, the motions of the parties to dismiss the petition, and the order of dismissal, which recites or finds that the will was admitted to probate by an order "duly given and made on the 4th day of May, 1908," the record shows on its face that the petition to revoke the probate of the will was filed more than one year after the will was admitted to probate, which is forbidden by the terms of section 1327 of the Code of Civil Procedure.

ID.—RECITAL IN ORDER ADMITTING WILL TO PROBATE AS TO DATE—CERTIFICATE OF PROOF ATTACHED TO WILL.—Where the transcript also sets forth the order admitting the will to probate, which recites that it was "done in open court this 4th day of May, 1908," and the certificate of the judge attached to the will bears the same date as to its probate, these papers afford ample evidence that the will was admitted to probate on that day, and that the proper record thereof is in the minutes of the court bearing that date.

ID.—DATE OF SUBSEQUENT FILING BY CLERK IMMATERIAL.—The filing by the clerk of an order signed by the judge in open court is not an essential or necessary part of the making of the order, or of the date of the admission of the will to probate; and the fact that it was filed five days after the admission of the will to probate was immaterial.

ID.—TRANSCRIPT NOT SHOWING DATE OF ENTRY IN MINUTES—PRESUMPTION UPON APPEAL.—Where the transcript does not show the date of the entry of the order admitting the will to probate in the minutes of the court, it must be presumed upon appeal in the absence of any evidence to the contrary, that the clerk performed his official duty and entered the order in the minutes of the court immediately after it was made on the same day.

ID.—CONCLUSIVENESS OF RECITAL IN ORDER APPEALED FROM—FINDING UPON PROOFS.—The recital in the order appealed from as to the date of the order admitting the will to probate is conclusive. It has the effect of a finding that the proofs made at the hearing showed that the will was admitted to probate on May 4, 1908.

ID.—PROPER ORDER DISMISSING PROCEEDING—AFFIRMANCE.—The contest instituted by the petition to revoke the probate having been filed more than a year after the admission of the will to probate was properly dismissed, and the order dismissing it must be affirmed.

APPEAL from an order of the Superior Court of the City and County of San Francisco dismissing a petition to revoke the probate of a will. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Cullinan & Hickey, John T. O'Toole, and Darwin C. De Golia, for Appellant.

J. W. Dorsey, for W. E. Cashman as Executor, Respondent.

W. E. Cashman, E. J. Talbot, John A. Percy, Lewis F. Byington, Harris & Hess, Jordan, Rowe & Brann, W. H. Barrows, George W. Haight, Frank Gould, T. D. Brandon, and Naphtaly & Friedenrich, for other Respondents.

SHAW, J.—The will of Jemima Parsons, deceased, was admitted to probate in the superior court of the city and county of San Francisco, by an order made by the court and signed by the judge thereof. W. E. Cashman was duly appointed executor of the estate and letters testamentary thereon were issued to him on May 12, 1908.

On May 7, 1909, George Ayling, claiming to be the cousin and sole heir of the decedent, filed a contest, or petition to revoke the probate of said will. Thereafter, Cashman, as executor, and another party, as a legatee under the will, moved the court to dismiss Ayling's petition on the ground that it was filed more than one year after the will was admitted to probate, and that, consequently, under section 1327 of the Code of Civil Procedure, such petition or proceeding to revoke the probate of the will could not be maintained. The court granted said motion and thereupon made an order dismissing said contest and petition. Ayling afterwards died and M. J. Hynes, having been appointed special administrator of his estate, appeals from said order of dismissal.

The record contains no bill of exceptions showing the evidence taken and considered by the court upon the hearing of the motion. None was prepared or settled. The only question we can consider on this appeal, therefore, is whether or not the record, or what may be treated as the judgment-roll, is sufficient to sustain the order. (*In re Ryer,* 110 Cal. 559,

560, [42 Pac. 1082] ; *Miller* v. *Lux,* 100 Cal. 612, [35 Pac. 645, 639] ; *Estate of Page,* 57 Cal. 240; *Estate of Isaacs,* 30 Cal. 111.)

If the contest or petition for revocation filed by Ayling is to be deemed the initiation of the proceeding, the only papers in the transcript which we could consider are Ayling's petition, the two papers called "motions," and the order of dismissal. The petition shows that it was filed on May 7, 1909, and the order recites, or finds, that the will was admitted to probate by an order "duly given and made on the 4th day of May, 1908." Section 1327 of the Code of Civil Procedure limits the time within which such contests after probate or petition for revocation may be commenced to one year after the will has been admitted to probate. (*Estate of Sbarboro,* 63 Cal. 7; *Estate of Davis,* 136 Cal. 594, [69 Pac. 412].) As error must be made to appear and all legal intendments are in favor of the regularity and validity of the action of the court below, it is obvious that, if this is considered as the record, the order is regular and valid.

The transcript also sets forth the order admitting the will to probate and the certificate of proof and facts found, together with the certificates of the clerk showing the date of the. filing thereof. The appellant contends that these papers must also be considered as a part of the record and that they show that the will was not admitted to probate until May 12, 1908, which was less than one year prior to the commencement of the contest. The order admitting the will to probate is in the usual form, is signed by the judge and declares that it was "done in open court this 4th day of May, 1908." The certificate of the judge attached to the will bears the same date. These certainly constitute ample evidence that the will was admitted to probate on that date. The certificates of filing show that both documents were filed on May 12, 1908. This does not prove that the order was not made on May 4th, or that it was not made until May 12th. The filing by the cler. of an order signed by the judge is not an essential or necessary part of the making of an order, or of the admission of a will to probate. It is well settled that such order need not be signed or filed. The proper record thereof is in the minutes of the court. If the entry in the minutes is considered a necessary part of the making of such order the point would not aid

the appellant, for the transcript does not show when it was entered. If the clerk has performed his duty, as we must presume he did in the absence of any evidence to the contrary, he entered the order in the minutes immediately after it was made. However this may be, upon this appeal and upon this record we must consider as conclusive the recital in the order appealed from, which has the effect of a finding, that the proofs upon the hearing showed that the will was admitted to probate on May 4, 1908. The contest, being filed more than a year thereafter, was unauthorized and the proceeding was properly dismissed.

The order is affirmed.

Angellotti, J., and Sloss, J., concurred.