[L. A. No. 12481. In Bank.—September 29, 1931.]

In the Matter of the Estate of J. H. SMITH, Deceased. CATHERINE A. McKENNA, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Catherine A. McKenna, *in pro. per.,* and J. Everett Brown for Petitioner.

H. L. Pratt and Woodruff, Musick & Hartke for Respondents.

CURTIS, J.—J. H. Smith, a resident of the county of Los Angeles, died on August 9, 1925, leaving real and personal property therein. On May 6, 1926, after proceedings duly had, a document purporting to be the last will and testament of said deceased and dated July 26, 1924, was admitted to probate as his last will and testament. In this will J. Truitt (now J. Truitt Bustemante) and Annie Dupea were named as devisees. An unsuccessful attempt had been made to set aside said will by a contest instituted by the children of said deceased. On October 26, 1928, petitioner, Catherine A. McKenna, filed a petition to probate a document purporting to be an olographic will of said deceased. This document was dated September 22, 1924. On November 20, 1928, said Bustemante and Dupea filed a

contest and objections to the probate of said olographic will. The result of this proceeding was that the court before which said proceeding was pending, on February 8, 1929, revoked the order admitting to probate the first will, and further ordered that the document filed by the petitioner, Catherine A. McKenna, be admitted to probate as the last will and testament of said deceased, and ordered letters testamentary to issue to the said petitioner, and said letters were issued as ordered on February 9, 1929. Following this order admitting the olographic will to probate a number of motions and orders were made in the matter of said estate and in the following order. On April 24, 1929, on the motion of the contestants, Bustemante and Dupea, the court set aside the order of February 8, 1929, admitting to probate the olographic will. On November 19, 1929, the court, on the motion of the proponent, Catherine A. McKenna, vacated the order of April 24, 1929, and restored all orders made on February 8, 1929, including the order admitting to probate the olographic will.

The proceedings were in this condition when the contestants on February 7, 1930, being just one year from the date of the order admitting the olographic will to probate, filed a contest of the olographic will. On March 3, 1930, the court struck out this contest. No appeal was taken from this order or from any of the orders made by the court involving the probate of said olographic will.

On May 14, 1930, over fifteen months after the date of the order admitting the olographic will to probate, the contestants filed a second contest to the probate of said will. A motion was made by the proponent to strike out this contest, but the court denied said motion and fixed a date for the hearing of said contest. Whereupon the petitioner instituted this proceeding for a writ of prohibition directed to said superior court to refrain from hearing said contest.

█ It seems clear to us that the writ should be granted as prayed for. Section 1333 of the Code of Civil Procedure provides: "If no person, within one year after the probate of a will, contest the same or the validity thereof, the probate of the will is conclusive; saving to infants and persons of unsound mind, a like period of one year after their respective disabilities are removed."

The contest of the will filed May 14, 1930, was not filed within one year after the probate of said will. The order admitting the will to probate is, therefore, conclusive, except as against infants and insane persons. (*In re Maxwell,* 74 Cal. 384 [16 Pac. 206]; *Estate of Davis,* 136 Cal. 590, 594 [69 Pac. 412]; *Del Campo* v. *Camarillo,* 154 Cal. 647 [98 Pac. 1049]; *Estate of Parsons,* 159 Cal. 425, 428 [114 Pac. 570]; *Estate of Parsons,* 196 Cal. 294, 298 [237 Pac. 744]; *Estate of Sbarboro,* 63 Cal. 5.)

A contest filed after the time permitted by the code section is of no validity, and the court in which it is filed has no jurisdiction to hear the same. (*Estate of Sbarboro, supra.*) In this case the court declares the law in language as follows: "As the petition (to revoke the will) had not been, in fact, filed in the court within the 'year', it was too late to file it at all; and the court could not legally, after the expiration of the time, by order, relieve the petitioners from the legal consequences of their own laches or delay. Time was of the essence of the proceedings commenced by the petitioners. The provisions of the law directing the proceedings to be had and the time within which they might be commenced were, in that regard, imperative, not directory, for the law declared the effect of not commencing them in time—it made the thing which the proceedings were intended to assail conclusive and unassailable; and the court in which the proceedings were begun had no authority by order or otherwise to direct that to be done, which had not, in fact, been done, or to adjudge that which the law pronounced conclusive to be invalid and void."

There is nothing at variance with these authorities to be found in the cases of *Spencer* v. *Troutt,* 133 Cal. 605, 608 [65 Pac. 1083], and *De Leonis* v. *Walsh,* 140 Cal. 175, 178 [73 Pac. 813].

Let the writ issue as prayed for.

Langdon, J., Preston, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.