[Civ. No. 8208. First Appellate District, Division One.—August 26, 1932.]

MAUD SCOTT, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

514

Wm. J. Cullinan and Stanley Burke for Petitioner.

Robert E. Fitzgerald and Leo R. Friedman, as *Amici Curiae* on Behalf of Petitioner.

Livingston & Livingston for Respondents.

JOHNSON, J., *pro tem.*—This is a proceeding in prohibition instituted to restrain the court having jurisdiction of the estate of Leon Morrison, deceased, from entertaining any proceedings upon a petition filed on January 7, 1927, to revoke an order made August 14, 1923, admitting to probate an instrument purporting to be the last will of the decedent. The applicant for the writ contends that the petition for revocation was filed too late, and that consequently the court is without jurisdiction to entertain it.

Leon Morrison died on June 20, 1921, and after a contest by the state of California, an instrument dated January 12, 1921, purporting to be the will of the decedent, was admitted to probate. An appeal from the order was then taken by the state, resulting in an affirmance by the Supreme Court on January 15, 1926, evidenced by the *remittitur* filed February 17, 1926. (*Estate of Morrison,* 198 Cal. 1 [242 Pac. 939].) Under the instrument in dispute the petitioner, Maud Scott, was named as sole legatee and devisee.

On January 7, 1927, a petition to revoke probate was filed by alleged sisters and nieces of the deceased. Citation was issued on that day, directing Albert E. Hill, administrator of the estate with the will annexed, and Maud Scott, the petitioner here, to show cause on February 4, 1927, why the order admitting the instrument to probate should

not be vacated. Service of the citation was not made, the respondents averring in their answer to the petition in this proceeding that service was impossible.

On September 1, 1931, Maud Scott made a motion, upon notice, for an order of dismissal of the contest on the ground that the petition for revocation was not filed within one year after admission of the will to probate, pursuant to section 1327 of the Code of Civil Procedure as it read before the amendment of 1929 (now embodied in sec. 380, Probate Code); and also on the ground that the citation issued was not issued within the time prescribed by law and had not been served. That motion was denied on October 1, 1931; and upon motion of the contestants an *alias* citation was issued and made returnable November 2, 1931. As the contestants were still unable to make service, the return day was postponed to March 1, 1932, and an order was made for service by publication of a new *alias* citation. The order denying the petitioner's motion to dismiss the contest not being appealable, the petitioner here seeks a writ prohibiting the court from proceeding with any further hearing upon the petition in question.

As appears in the opinion filed this day in a companion case, *In the Matter of the Estate of Leon Morrison,* (No. 8322) *ante,* p. 504 [14 Pac. (2d) 102], the petition for revocation filed on January 7, 1927, had been preceded by a like petition filed by the alleged sisters on October 23, 1923, and another filed by the alleged nieces on July 18, 1924. These petitions were dismissed by the petitioners on June 16, 1926, but were reinstated by order of court on December 2, 1926. Subsequently the contests so initiated were set for trial for May 26, 1931; but motions to dismiss the contests under section 583 of the Code of Civil Procedure having been made by Miss Scott, the motions were granted by the court on July 22, 1931. Such orders of dismissal are the subject of appeal in the companion case.

We are concerned in this present proceeding with the question whether the petition filed on January 7, 1927, considered apart from the prior petitions, was filed within the time prescribed by law; and that depends on whether the time began to run from the date of the order of the probate court admitting the proffered will or the date of the filing

of the *remittitur* from the Supreme Court affirming that order.

Prior to the amendment of 1929, section 1327 of the Code of Civil Procedure provided that when a will has "been admitted to probate", a petition to revoke probate might be filed by any interested person "at any time within one year after such probate"; and subject to a saving clause in favor of persons under disability, section 1333 made probate of a will conclusive, if no person contested it within one year after its probate.

The petitioner here contends that in computing the time, the appeal is to be ignored, and that the order of the probate court at once established for the will a commanding legal status which, despite the loss of operative effect in the interim, preserved the will's vitality unimpaired for purposes of any contest.

Section 1327 had a double aspect. It was both a statute conferring jurisdiction and a statute of repose. In the absence of an appeal, the order admitting a will to probate is controlling, and the court is without jurisdiction to entertain a petition for revocation by persons under no disability, unless filed within the prescribed time after probate. (*Estate of Scarboro,* 63 Cal. 5; *Estate of Smith,* 214 Cal. 50 [3 Pac. (2d) 921]; 26 Cal. Jur. 1087.)

There are, however, no decisions in this state as to the construction to be given to section 1327 in the event of an appeal from the order of admission.

When such an appeal is perfected, the trial court loses jurisdiction of the subject matter of the order, including all questions concerning the status of the instrument affected. Under section 949 of the Code of Civil Procedure the appeal in this case stayed all proceedings upon the order, and hence during the pendency of the appeal the court could not entertain a new proceeding directed against the matters under review. The proceeding for probate of a will is a proceeding *in rem,* and the order of admission to probate, when it becomes effective, is binding on all persons in interest. (*Estate of Parsons,* 196 Cal. 294, 299 [237 Pac. 744]; *Estate of Allen,* 176 Cal. 632, 633, 634 [169 Pac. 364]; *Estate of Baker,* 170 Cal. 578, 585 [150 Pac. 989].)

If the order is affirmed on appeal, then, saving rights of persons under disability, it is affirmed as to all who have any interest in the estate; and if the probate of the will is vacated, it is vacated as to everybody. (*Estate of Freud*, 73 Cal. 555 [15 Pac. 135].)

Upon affirmance of the order, the powers of the probate court over the will are revived; but the will, though possessing testamentary status, is still subject to the statutory right to contest its validity notwithstanding probate. On the other hand, reversal of the order of admission would render needless an independent proceeding for revocation. The law does not require idle acts; and since an appeal, if taken from the order of admission to probate, is an integral part of the probate proceedings, it is a reasonable conclusion that the time for filing a petition for revocation of probate was not meant to start until the proceeding to establish admissibility had been finally adjudicated.

If a contest filed pending the appeal were to be brought to a hearing before a decision of the appeal, and were to result in favor of the contestant, the very purpose of the appeal from the original order admitting the will would be defeated, and confusion would ensue. Not until the determination of the appeal can it properly be said for the purposes of a contest under section 1327 that a will, meanwhile in a state of suspended animation, has been admitted to probate.

There are indications in some of the recent decisions of the Supreme Court that such qualification was visioned by the court when, in the absence of an appeal, it reiterated the rule requiring a contest under section 1327 of the Code of Civil Procedure to be initiated within one year after probate. Thus in *Estate of Parsons, supra,* where a will showing several erasures and interlineations was admitted to probate, and subsequently was attacked in a proceeding for partial distribution, the court said at page 298 : "*The order was never appealed from,* nor was any contest of the will after probate initiated within one year after its admission to probate or at all. The petition for partial distribution, upon which the present proceeding arose, was filed after the time for contesting the provisions of the will had fully expired." (Italics ours.) Again, in the *Estate of Smith,* 214 Cal. 50 [3 Pac. (2d) 921], an order

had been made admitting a holographic will to probate. That order was afterwards vacated and then restored. A contest was filed within one year after the order admitting the will, but that contest was struck out by the court. Then a second contest was filed after the year had expired; and when the probate court denied a motion to strike out that contest, a writ of prohibition was issued upon the ground that the time for such a contest had expired. But there, too, the court, after noting the dismissal of the first contest, was mindful to say: "No appeal was taken from this order or *from any of the orders made by the court involving the probate of said olographic will.*" (Italics ours.)

There is an analogy between cases such as this and actions upon an ordinary judgment, which must be begun within five years after the right of action thereon accrues. If there is an appeal from the original judgment, the statute of limitations does not begin to run until the determination of the appeal. (*Feeney* v. *Hinckley,* 134 Cal. 467, 470 [86 Am. St. Rep. 290, 66 Pac. 580]; *Hills* v. *Sherwood,* 33 Cal. 474, 479.)

As in the case of a judgment, so in the case of the order of admission to probate, it was final as to the probate court when made and, as such, subject to appeal; but it was not final as to the subject matter until the final disposition of the appeal.

Under somewhat similar provisions of law in Illinois, allowing one year after probate of a will within which to contest its validity, it has been held that an appeal from the order of admission to probate suspends its operative effect, and that the time for contest after probate does not begin to run until the status of the will is finally established by the judgment of the appellate court. In *O'Brien* v. *Bonfield,* 220 Ill. 219 [77 N. E. 167], there was first an order of the county court, sitting in probate, admitting the will on October 5, 1903. Then, as is permissible in Illinois, the matter was heard *de novo* on appeal in the Circuit Court, which made its order admitting the will on March 24, 1904. An appeal was then taken to the Supreme Court, which affirmed the order of the Circuit Court on February 7, 1905; and the *remittitur* was filed in the county court on March 6, 1905. Thereafter and on April 11, 1905, a contest was instituted by certain parties in interest. To

this contest demurrers were filed on the ground of lack of jurisdiction of the court to entertain the contest, because it had not been begun within one year from the time of probate in the county court. The demurrers were sustained and the contest was dismissed. But upon appeal to the Supreme Court it held that the probate was not complete until the *remittitur* had gone down to the county court reinvesting that court with jurisdiction, and that the time for initiating a contest ran from the filing of the *remittitur* on March 6, 1905, and not from October 5, 1903, when the order of admission to probate was first made. Accordingly, the judgment of dismissal of the contest was reversed. Again, in *Harney* v. *Wilson,* 198 Ill. App. 477, the probate court was declared to have jurisdiction over a contest, begun within one year after the filing of a *remittitur* evidencing affirmance of an appeal from an order admitting a will to probate.

So, also, in *Lewis* v. *Cook,* 89 Hun, 183 [34 N. Y. Supp. 1037], an order admitting a will to probate was reversed on appeal; and after the matter had been remanded to the surrogate's court the will was again admitted. Within the statutory period of two years after the second order of admission, but more than two years after the first order, a contest was instituted; and the answer thereto having set up, among other defenses, that of expiration of the time limit, the contestant's demurrer to the answer was sustained by the trial court. Upon appeal to the general term of the Supreme Court, the judgment sustaining the demurrer was affirmed, and the court expressed the view that the judgment reversing the first order admitting the will had restored the contestant to his original position, and as a consequence the time of contest did not begin to run until the will had finally been admitted on the second hearing. While the decision of the general term in regard to the demurrer was reversed on appeal to the Court of Appeals in *Lewis* v. *Cook,* 150 N. Y. 163 [44 N. E. 778], the reversal was based on the ground that the contestant lacked the necessary qualification for his contest, and not on the ground that the time for a contest by one qualified had lapsed. What was said in the opinion of the general term on that point was left unchallenged.

The petitioner here finds in *Hellman Bank* v. *Alden*, 206 Cal. 592 [275 Pac. 794], an alleged parallel to the present case. In the case cited, it was held that a judgment of incompetency was conclusive as to status from the time of its entry in the superior court, and that the incompetent was therefore incapable of making a valid contract, notwithstanding pendency of an appeal from the judgment. It is therefore contended by the petitioner that the same conclusiveness attaches to the order admitting a will to probate despite an appeal. But what we have to consider is not merely the effect on the status of the will by reason of an appeal from the order of admission, but the effect on the limitation of time for a separate and independent contest of the validity of the will after probate. The order admitting the will determines, subject to appeal, only the question of admissibility or, in other words, determines whether or not the instrument offered is the last will of the deceased. The order is not conclusive, nor has it the effect of a judgment *in rem* as to the underlying facts on which validity of the will depends. (*Estate of Dorn*, 190 Cal. 343, 344 [212 Pac. 206]; *Estate of Bloom*, 213 Cal. 575 [2 Pac. (2d) 753].)

To test the validity, the law permits a new proceeding for revocation of probate within a fixed time after admissibility has been adjudicated. This is the distinction between the situation before us and that of one adjudged incompetent. In his case there is no provision of law for an attack by himself upon the judgment otherwise than by appeal; nor may one interested in a contract made by him pending the appeal institute an independent contest of the adjudication in his own behalf. The adjudication has the effect of constructive notice of the incompetent's incapacity to contract, and all who enter into business relations with him do so at their own risk. But in reference to wills, the question of validity remains open, even though the admissibility has been determined; and while the admissibility is *sub judice*, it would be unreasonable to require persons interested in the estate to institute proceedings to revoke probate of an instrument not yet finally determined to be legally admissible to probate.

Where a subsequent statutory proceeding is correlated with a judgment purporting to establish a definite status,

jurisdiction to entertain the subsequent proceeding is, in some instances at least, dependent on the result of an appeal. This is illustrated in *Re Riccardi*, 182 Cal. 675 [189 Pac. 694]. That was a proceeding for disbarment of Riccardi, an attorney, based on his conviction of a felony involving moral turpitude, and instituted against him while an appeal from the judgment of conviction was pending. The law, as it read at the time, provided that upon conviction of such an offense the name of the attorney should be stricken from the roll and he should be precluded from practice thereafter. The question was whether "conviction," for purposes of the separate disbarment proceeding, was established by the judgment rendered by the trial court or by the final judgment pronounced on appeal. The Supreme Court, adhering to earlier decisions involving like questions, held that action looking to disbarment must be deferred until the determination of the appeal.

In like manner, we are of the opinion that the relation between an order admitting a will to probate and a petition for revocation of probate is such that, in case of an appeal from the order, the time for institution of a contest after probate does not begin to run until the appeal has resulted in a final determination in favor of the admission of the will. Until that time there is, in the legal aspect, no admitted will to revoke.

We conclude, therefore, that inasmuch as the petition in question in this proceeding was filed within one year after the affirmance of the order admitting the will to probate, it was filed in due time, and the motion to dismiss the petition was properly denied.

If the conclusions expressed in this and the companion case prevail, there will be before the probate court not only the petition to revoke probate filed on January 7, 1927, but also the previous petitions filed by the same contestants; and it will devolve upon the lower court and the parties in interest to determine upon which petition or petitions the trial of the issues raised shall be had.

The alternative writ is discharged and the application for a peremptory writ is denied.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 24, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 24, 1932.