[Civ. No. 47458. Second Dist., Div. Four. July 15, 1976.]

MURIEL DORIS WOLFSON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
STEPHEN RONALD WOLFSON, Real Party in Interest.

154

**COUNSEL**

Grant & Popovich and Irvin Grant for Petitioner.

No appearance for Respondent.

Irene S. Chait for Real Party in Interest.

**OPINION**

**FILES, P. J.**—The question to be decided is the timeliness of a petition to revoke probate of a will and codicils which, under Probate Code section 380, must be filed "within four months after such probate." In this case "such probate" was reflected in the minutes of the probate court for January 13, 1975, and by an "order for probate" signed by the judge dated and filed January 23, 1975. The petition to revoke was filed May 14, 1975, which was more·than four months after the hearing recorded in ·the minutes, but less than four months after the signed order.

The executrix demurred to the petition upon the ground that it was not filed within the time allowed by section 380. That demurrer was overruled. In order to attack that ruling the executrix filed this proceeding seeking a writ of prohibition to restrain the probate court from hearing the petition. Because of the importance of the issue, and the potential for confusion inherent in the procedure which the superior court has followed, we issued an order to show cause and set the matter for formal hearing in this court.

The real party in interest (the contestant below) filed a memorandum in opposition to the petition (pursuant to rule 56 (b), Cal. Rules of Court) but neither the respondent court nor the contestant has· filed any return to the order to show.cause or any other comment upon the issue before this court. We therefore assume that the facts are correctly stated in the petition. So far as we are able to discover, the record made with respect to the admission of the will to probate in this case was in conformity with a long-standing practice of the Los Angeles Superior Court.

The minutes of the probate court for January 13, 1975, are upon a printed form, upon which had been printed the title of the case, the nature of the proceeding ("Petn Prob of Will and Cods—Ltrs Test") and

the names of the court personnel and of the petitioner and her attorneys. Below this in a column are five boxes. Opposite each appears language indicating a possible action. Handwritten check marks appear in three boxes. The words opposite the three checked boxes are, respectively, "Petition granted," "Will and Codicils admitted" and "No bond." The form also contains the printed words "Order to be prepared by . . . attorney," with a printed x after the word attorney.

This cryptic record appears to reflect that, after a hearing, the court had decided to admit to probate the will and codicils as prayed in the petition which was in the court's file. Were there no other record of this decision, we would not hesitate to accept that record as a memorial of the judicial act which, under Probate Code section 380, started the running of the four-month period within which to file a contest.[1]

The written order filed January 23, 1975, is on another printed form.[2] Following some appropriate recitals of facts found, the form declares "It is ordered that 1. [x] The deceased's will dated Nov. 5, 1971 and each codicil dated Aug 17, 1972 & Nov. 7, 1974 is admitted to probate . . . ."

At the bottom of the page is "Dated: Jan 23 1975."

The form also contains above the order the words: "Date of Hearing: 1/13/75" but there is no indication in the order that any decision was announced or made on that date. The document contains no information as to when the decision was made except as may be inferred from the words and figures quoted above.

The letters testamentary, executed by the clerk on January 24, 1975, contain no indication when the court admitted the will and ordered that the letters issue.

---

[1]Probate Code section 380: "When a will has been admitted to probate, any interested person, other than a party to a contest before probate and other than a person who had actual notice of such previous contest in time to have joined therein, may, at any time within four months after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked."

[2]The Probate Policy Memoranda of the Los Angeles Superior Court, in effect at that time, provided in section 204 that printed form No. 213 "Order Admitting Will to Probate and For Letters Testamentary" should be used whenever possible. The printed form filed January 23, 1975, bears the number "213" in the lower left corner.

It does not appear that any minute entry was made to reflect the execution of the January 23 order.[3]

Probate Code section 332 provides: "When the court admits a will to probate it must be recorded in the minutes by the clerk, with the notation: 'Admitted to probate (giving date).' . . . ."

The minute entry of January 13, though not in the words specified by section 332, may be regarded as substantial compliance with the code. If January 13 is not the day the will was admitted to probate, the court did not comply with section 332 at all.

Two opinions of the Supreme Court contain discussion relevant to the problem here.

In *Tracy* v. *Coffey* (1908) 153 Cal. 356 [95 P. 150] an order admitting a will to probate was first recorded in a signed order and then entered in the minute book. Years later a new entry was made in the minute book upon the theory that the former entry was void, in that it differed in language from the signed order. The Supreme Court held that the original minute entry was valid, the 60-day time for appeal ran from the date of that entry, and that an attempt to appeal following the second entry was invalid. The language of the opinion which is pertinent here is at page 358: ". . . There is no statute expressly authorizing the making of a memorial of the terms of an order of the superior court by the method of writing it on a separate piece of paper and having the judge attach his signature thereto. It has become customary to do so in many instances and the courts have often recognized such a memorial as competent evidence of the terms of the order. But the code (Code Civ. Proc., sec. 1704) expressly requires probate orders to be entered in the minute-book of the court. It is the order there entered which is the order of the court, and it is the date of the entry of this order which, under our decisions, set the time running for an appeal."

In *Estate of Parsons* (1911) 159 Cal. 425 [114 P. 570] the issue was whether a petition to revoke probate of a will, filed May 7, 1909, had been filed within one year after the will had been admitted to probate, which was the period then allowed (former Code Civ. Proc., § 1327).

---

[3]Upon informal inquiry of the personnel of the superior court, we are informed it is not the practice of the court to make a minute entry for such an order.

The court said (at pp. 428-429): ". . . The order admitting the will to probate is in the usual form, is signed by the judge and declares that it was 'done in open court this 4th day of May, 1908.' The certificate of the judge attached to the will bears the same date. These certainly constitute ample evidence that the will was admitted to probate on that date. The certificates of filing show that both documents were filed on May 12, 1908. This does not prove that the order was not made on May 4th, or that it was not made until May 12th. The filing by the clerk of an order signed by the judge is not an essential or necessary part of the making of an order, or of the admission of a will to probate. It is well settled that such order need not be signed or filed. The proper record thereof is in the minutes of the court. If the entry in the minutes is considered a necessary part of the making of such order the point would not aid the appellant for the transcript does not show when it was entered. If the clerk has performed his duty, as we must presume he did in the absence of any evidence to the contrary, he entered the order in the minutes immediately after it was made. However this may be, upon this appeal and upon this record we must consider as conclusive the recital in the order appealed from, which has the effect of a finding, that the proofs upon the hearing showed that the will was admitted to probate on May 4, 1908. The contest, being filed more than a year thereafter, was unauthorized and the proceeding was properly dismissed."

Former Code of Civil Procedure section 1704, referred to in the *Tracy* opinion, provided (in part): "All orders and decrees of the [probate] court or judge must be entered at length in the minute book of the court." (Code Amends. 1880, p. 105.) That section was amended in 1921 by adding at the end of the section "or must be signed by the judge and filed; but decrees of distribution must always be so entered at length." (Stats. 1921, ch. 112, p. 105.)

This 1921 amendment, giving statutory recognition to signed and filed orders, made obsolete a portion of what the Supreme Court had said in *Tracy.* But the effect of the 1921 amendment was modified in 1927 with respect to an order admitting a will to probate. In that year the Legislature enacted Code of Civil Procedure section 1308a which provided: "When the court admits a will to probate it must be recorded in the minutes by the clerk, with the notation: 'Admitted to probate (giving date).' " (Stats. 1927, ch. 758.)

When the Probate Code was adopted in 1931, the pertinent language of Code of Civil Procedure, section 1704, became Probate Code section

1221; and the language of Code of Civil Procedure, section 1308a, became Probate Code section 332. ■ In the light of this history sections 1221 and 332 are easily reconciled. Section 332 does not preclude the probate court from using a signed order to memorialize its decision admitting a will to probate, as authorized by section 1221, but section 332 does require that the minutes reflect the date when a will is admitted to probate. That section specifies that "when the court admits a will" that event must be recorded with a notation "giving date."

The benefits of recording the order admitting a will to probate both in the minutes and in a signed order are readily apparent. In the courtroom, as the court moves rapidly through a long calendar, it is only necessary that the clerk record the substance of the decision quickly and accurately. For other purposes it is desirable to have a more formal writing which contains sufficient recitals and findings to make its effect readily apparent without reference to other papers. The problem in the present case has arisen only because the text of the minutes and the text of the signed order create an ambiguity as to the date the judicial act occurred.

■ We are aware that trial courts may, and sometimes do, make minute entries which operate only as notice of an intended decision, which is to become effective when a formal order has been prepared, signed and filed. (See, e.g., *Estate of Callnon* (1969) 70 Cal.2d 150, 161 [74 Cal.Rptr. 250, 449 P.2d 186]; *Estate of Olsen* (1935) 9 Cal.App.2d 374 [50 P.2d 70].) But in the case at bench we cannot construe the minutes of January 13, 1975, as other than a record of a judicial decision which had been made on that day. Probate Code section 332 requires that a minute order be made "when the court admits a will to probate;" and the only minute order upon this subject was made on January 13 and spoke of present action: "Will & Codicils admitted." The reasoning of the *Parsons* decision is applicable: the judicial act took place upon the date shown in the minute order. The direction in the minutes that counsel prepare a formal order did not indicate that the judicial decision would be deferred until the filing of that order.

■ Although our analysis compels the conclusion that, as a matter of law, the will was admitted to probate on January 13, 1975, persons interested in that event were told by an order signed by the judge and filed, that the critical date was January 23. This is the necessary implication of the use of the present tense, and the absence of any disclosure that the decision had actually been made and recorded in the

minutes on an earlier day. The problem now to be resolved is the effect of that signed order upon a would-be contestant who computed his time from the later date. The contestant here is in a situation analogous to that of the appellant who was misled by conflicting orders in *Slawinski* v. *Mocettini* (1965) 63 Cal.2d 70 [45 Cal.Rptr. 15, 403 P.2d 143].

In *Slawinski* the trial court made a minute order denying a motion for a new trial on one date, and a signed order purporting to deny the same motion three days later. The 30 days within which to appeal ran from the day upon which the motion was denied. The notice of appeal was filed 33 days after the minute order and 30 days after the signed order. Since the minute order had the effect of determining the motion, the appeal was untimely. The decision of the Supreme Court in the *Slawinski* case, as explained in *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 665 [125 Cal.Rptr. 757, 542 P.2d 1349], is as follows: "When there exists a clear conflict between the permanent minutes of the court and a formal order issued by it relative to the date of entry of an order denying a motion for new trial, that conflict is to be resolved in favor of granting the right of appeal."

The time limit for filing a petition for revocation of probate of a will, like the time limit for an appeal, is jurisdictional. (See Prob. Code, § 384; *Estate of Smith* (1931) 214 Cal. 50 [3 P.2d 921].) The conflict between the minutes and the formal order in the present case had the same effect upon the right of contest as the conflicting orders had on the right of appeal in *Slawinski.* Under the *Slawinski* principle, the conflict must be resolved in favor of giving the petitioner his right of contest. The trial court's refusal to sustain the demurrer was therefore proper.

The petition is denied.

Dunn, J., and Jefferson (Bernard), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 8, 1976.