Filed 3/23/26  Estate of Vargas CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| Estate of GILBERT DANIEL VARGAS, Deceased. | B345807 |
| | (Los Angeles County Super. Ct. No. 20STPB06948) |
| THELMA JUDITH LOPEZ AVILA, Petitioner and Appellant, v. ANDREA VARGAS, Objector and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Priver, Commissioner.  Affirmed.

Michael O'Connor and Kandice Jung for Petitioner and Appellant.

Cohen Law, Robert A. Cohen and Amy M. Cohen for Objector and Respondent.

_____

If a petition seeking a distribution from a probated estate challenges the validity of the decedent's will, does the petition constitute a will contest?  We conclude it does.

Appellant Thelma Judith Avila filed a petition seeking entitlement to a distribution (Prob. Code, § 11700) from the estate of her deceased husband, Gilbert Daniel Vargas, several years after his will was admitted into probate.[1]  Owing to the fact Gilbert's will failed to designate her as a beneficiary or legatee, Thelma's 11700 petition and supplemental briefing asserted Gilbert's will was invalid.  Prior to holding an evidentiary hearing, the probate court granted judgment on the pleadings and dismissed Thelma's petition as an improper and untimely will contest.  We affirm.

## BACKGROUND

Gilbert and Thelma married in November 2011 and lived apart throughout marriage.  Thelma resided in Mexico; Gilbert resided in the United States.  On March 15, 2019, Gilbert executed a will in which he identified himself as a single man, left all of his assets to Andrea and Robert Vargas, his children

---

[1]    Because various individuals involved in this appeal share the same last name, we refer to them by their first names.  We intend no disrespect.  Subsequent unspecified references to statutes are to the Probate Code.

2

from a prior marriage, and named Andrea executor.  Following a battle with substance abuse, Gilbert died on January 22, 2020.

## A.    The Probated Will

In August 2020, Andrea petitioned to have Gilbert's will admitted into probate.  The petition was noticed to known addresses for Andrea, Robert, Thelma, and the Consul General of Mexico.  On May 3, 2021, the court granted the petition, admitted the will into probate, and appointed Andrea personal representative.

## B.    The Spousal Property Petition

On November 16, 2023, Thelma filed a spousal property petition claiming heirship as a surviving and pretermitted spouse (§§ 13500, 21610).[2]  The petition acknowledged certain facts that undermined her claims, namely:  (1) Gilbert's probated will was executed after the date of marriage; and (2) "all of the assets sought to be distributed pursuant to [his] will were the decedent's separate property assets."

Andrea objected to the petition, and in reply, Thelma "agree[d]" she was not entitled to relief as a surviving or pretermitted spouse.  Thelma requested the court deny her petition with leave to file another petition under section 11700.

---

[2]    Sections 13500 through 13660 set forth provisions for the passage of property to surviving spouses without administration.  Section 21610 prescribes property interests for pretermitted spouses, wherein "a decedent fails to provide in a testamentary instrument for the decedent's surviving spouse who married the decedent *after* the execution of all of the decedent's testamentary instruments . . . ."  (Italics added.)

## C.  Thelma's 11700 Petition

On June 3, 2024, Thelma filed a verified petition for determination of entitlement to estate distribution (§ 11700).[3]  In view of the will incorrectly identifying Gilbert as a single man, Thelma argued an "uncertainty" existed in the will from which she could claim one-third distribution.  Thelma's statement of interest echoed her claim for distribution on the same grounds.

Andrea objected to Thelma's 11700 petition as an improper and untimely will contest.  In an August 2024 reply brief, Thelma claimed one-third of Gilbert's separate property on the basis his "will is invalid" for lack of testamentary capacity, undue influence, and fraud.  Thelma averred Gilbert's substance abuse rendered him incapable of legally executing the will and made him easily subverted in approving it.  Thelma requested "an intestate share equivalent to what she would have received had no will existed."

At an unreported hearing in August, an issue arose as to whether and to what extent an evidentiary hearing was warranted under *Conservatorship of Farrant* (2021) 67 Cal.App.5th 370 (*Farrant*).  Thelma filed a statement of factual disputes challenging the validity of Gilbert's will and questioning the classification of property to be distributed under it.  In prefatory language, she also accused Andrea of providing delayed

---

[3]  Section 11700 (formerly section 1080) provides:  "At any time after letters are first issued to a general personal representative and before an order for final distribution is made, the personal representative, or any person claiming to be a beneficiary or otherwise entitled to distribution of a share of the estate, may file a petition for a court determination of the persons entitled to distribution of the decedent's estate.  The petition shall include a statement of the basis for the petitioner's claim."

notice of Gilbert's death and sending "information to an incorrect *address*." In response, Andrea argued an evidentiary hearing was unwarranted because (1) the 11700 petition could not be used to contest the will; and (2) Thelma received timely notice at an address she provided to Robert.[4] In supplemental briefing, Thelma again questioned "the validity" of the will and argued Gilbert died intestate "because the Will provided by [Andrea] is invalid . . . ."

At another unreported hearing in October 2024, the court ordered supplemental briefing on Thelma's pretermitted heirship claim. As before, Andrea argued the execution of Gilbert's will after marriage foreclosed any notion Thelma was a pretermitted heir. Thelma argued she was pretermitted because Gilbert's will did not provide intentional language of disinheritance. Thelma requested the court waive the 120-day statute of limitations for commencing a post-probate will contest under section 8270 and deem the underlying proceedings void for lack of jurisdiction due to Andrea sending her notice to an incorrect address.

**D.    Judgment on the Pleadings**

In November 2024, the court set an order to show cause why judgment on the pleadings should not be granted in Andrea's favor. In her response brief, Thelma argued her 11700 petition timely commenced a post-probate will contest, with time to file running from the date she received actual notice of the proceedings. In the alternative, Thelma argued her petition was timely because it related back to the same general facts alleged in

---

[4]    According to Andrea, Thelma "confirmed in responses to discovery that she provided such address to Robert when she was notified of [Gilbert's] passing."

5

her spousal property petition.  Andrea's response brief restated prior arguments.

Following a January 2025 hearing, the probate court found Thelma's 11700 petition could not be used to contest Gilbert's probated will and was untimely under section 8270.  The court granted judgment on the pleadings in Andrea's favor and dismissed the 11700 petition.  Thelma appealed.

## DISCUSSION

Thelma raises two contentions in this appeal.  First, she contends the court erred by finding her petition time-barred under section 8270.  Second, she contends the court erred by dismissing her petition without holding an evidentiary hearing under *Farrant*.  We review the court's rulings for abuse of discretion, findings of fact for substantial evidence, and questions of law de novo.  (See *Estate of Herzog* (2019) 33 Cal.App.5th 894, 902, 904; *Estate of Kerkorian* (2018) 19 Cal.App.5th 709, 718.)

### A.  Thelma's 11700 Petition Improperly Contested the Probated Will

Thelma's argument that section 8270 did not time-bar her petition is unpersuasive.  The claims raised in the 11700 proceedings she initiated contested the validity of Gilbert's will.  The distribution claims she maintains on appeal depend entirely on the absence of Gilbert's testamentary capacity, undue influence, and fraud—all grounds on which to contest a will. (*Estate of Horn* (1990) 219 Cal.App.3d 67, 73.)[5]  That Thelma captioned her petition as an action seeking a distribution under

---

[5]     Thelma raises no claim as a pretermitted heir on appeal.

6

section 11700, which may be filed until the probate estate's last distribution is made, "does not determine its nature or legal effect." (*Stiger v. Flippin* (2011) 201 Cal.App.4th 646, 654).

As Thelma admits, her 11700 petition "cannot be used [as] a will contest." That is because 11700 proceedings "'are separate and distinct from those to admit the will to probate. In such a proceeding due execution and validity of the will cannot be collaterally attacked. *All that the court has power to do in such a proceeding is to interpret the will that has been admitted to probate—it cannot again pass on the questions of due execution or validity.*'" (*Estate of Neubauer* (1958) 49 Cal.2d 740, 747, original italics.) "Once a will has been admitted to probate, if no contest is instituted within the statutory time, the due execution and attestation of the will, together with any question affecting the validity of the will, have been conclusively determined." (*Estate of Caruch* (1956) 139 Cal.App.2d 178, 185.) We thus concur in the probate court's initial conclusion: Thelma may not contest Gilbert's probated will by way of a 11700 petition.

## B.     The 11700 Petition Was Untimely

Even assuming Thelma could properly commence a post-probate will contest via section 11700, she did not do so timely. Section 8270, subdivision (a), provides: "Within 120 days after a will is admitted to probate, any interested person, other than a party to a will contest and other than a person who had actual notice of a will contest in time to have joined in the contest, may petition the court to revoke the probate of the will." This limitations period is jurisdictional. (*Wolfson v. Superior Court* (1976) 60 Cal.App.3d 153, 160.)

7

Thelma did not timely file her 11700 petition under section 8270. Gilbert's will was admitted into probate on May 3, 2021. From this date, Thelma had 120 days, or until August 31, 2021, to contest the will. Thelma filed her 11700 petition on June 3, 2024, nearly three years beyond the section 8270 limitations period.

Thelma resists the conclusion her petition was untimely with three arguments. First, she argues the date triggering section 8270 was "on or about November 2023" when she received actual notice of the probated will. From this "date," Thelma argues her post-probate contest was timely commenced on November 16, 2023, when she filed her spousal support petition. Thelma's argument is unsupported by legal authority or analysis. (See *In re Marriage of Brandes* (2015) 239 Cal.App.4th 1461, 1481 [forfeiture rule].) Section 8270 only refers to "actual notice" when excluding persons who had such notice of a will contest (and therefore could have joined in the contest) from later challenging the will. (See *Estate of Meyer* (1953) 116 Cal.App.2d 498, 501 [actual notice language "was aimed exclusively at those who had full opportunity to contest *before* probate but preferred to be dilatory," italics added].)

Second, Thelma argues Andrea's improper service of the petition to admit Gilbert's will into probate to an incorrect address equitably tolled the limitations period. Thelma did not raise this theory below and may not do so for the first time here. (*Estate of Westerman* (1968) 68 Cal.2d 267, 279.) Were we to consider it, we would find equitable tolling inapplicable. The theory of equitable tolling Thelma pursues here freezes the limitations period "'so long as the plaintiff uses reasonable care and diligence in attempting to learn the facts that would disclose

8

the defendant's fraud or other misconduct.' [Citation.]" (*Sagehorn v. Engle* (2006) 141 Cal.App.4th 452, 460.) To apply, its proponent must establish "'fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts. [Citations.]'" (*Id.* at pp. 460–461.)

Thelma has not established these elements. As noted by the probate court below, Thelma never declared an address to where she believed Andrea should have provided notice. Nor do we discern any foundation in the record from which Andrea knew or should have known she provided Thelma notice at an incorrect address. Thelma did not dispute providing Robert with the address listed in Andrea's notice. Beyond the absence of fraud, Thelma filed her 11700 petition nearly a year from when she admits receiving actual notice of the probate proceedings. (See *Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 931 [tolling endures "'only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it'"].)[6] On these facts, we would conclude equitable tolling does not apply.

---

[6] The single authority on which Thelma relies to invoke equitable tolling, *Meiri v. Shamtoubi* (2022) 81 Cal.App.5th 606, declined to consider it. (*Id.* at p. 616, fn. 8 ["Meiri does not allege equitable tolling or otherwise invoke the body of cases excusing the 120-day requirement in instances where a [trust] beneficiary is prejudiced by a defective notice"].)

9

Anticipating this result, Thelma's third argument asserts her 11700 petition relates back to the filing of the separate action initiated by her spousal support petition. To the extent this doctrine could apply in a contest proceeding (see *Bridgeman v. Allen* (2013) 219 Cal.App.4th 288, 297 [doctrine "would defeat the purpose" of imposing deadline to contest trust]), it does not apply here. A claim relates back to a prior pleading "only if it rests on the same general set of facts and refers to the same 'offending instrumentalities,' accident, and injuries" as in the original. (*Davaloo v. State Farm Ins. Co.* (2005) 135 Cal.App.4th 409, 415.) Thelma's spousal property petition asserted heirship claims as a surviving and pretermitted spouse, alleging "no grounds for a contest of the execution of the will." (*Estate of Black* (1943) 56 Cal.App.2d 796, 798, 799.) Thelma's 11700 reply brief, the first pleading used to clarify her claim as a contest, was "not an amendment but a substitution of a new cause of action. This amendment having been filed after the probate had become conclusive [citation] the court was without jurisdiction to entertain it." (*Id.* at p. 799.) Thus, to the hypothetical extent Thelma could file her 11700 action to contest the probated will, she did so untimely.

## C. Thelma Was Not Entitled to an Evidentiary Hearing

Finally, Thelma contends the court erred by granting judgment on the pleadings without holding an evidentiary hearing. We disagree.

At any 11700 proceeding, the probate court may order issues for proof and "may grant or deny [a] petition, in whole or in part, on the pleadings, *without an evidentiary hearing* or further discovery." (§ 11704, subd. (b)(2), italics added; see

10

*Bodine v. Superior Court* (1962) 209 Cal.App.2d 354, 362.) As section 11704 clearly provides, the probate court was not statutorily compelled to hold an evidentiary hearing before ruling on Thelma's 11700 petition.

*Farrant, supra,* 67 Cal.App.5th 370, on which Thelma singularly relies, imposes no duty to hold an evidentiary hearing. On the contrary, our colleagues upheld the probate court's refusal to hold an evidentiary hearing before imposing sanctions and ordering the repayment of misappropriated funds. (*Id.* at pp. 373–375, 377–378.) In support, the court found the appellant failed to specify factual issues to litigate at the hearing "'without explaining why a hearing was necessary. . . . [¶] Furthermore, appellant did not identify the witnesses who would testify at the evidentiary hearing, nor did he make an offer of proof as to the substance of the evidence he would present at the hearing.' [Citation.]" (*Id.* at p. 378.)

Assuming these factors in *Farrant* are to be employed to determine whether an evidentiary hearing is required (see *California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1043 ["cases are not authority for propositions that are not considered"]), they do not support holding one in this case. Thelma's briefing did specify 23 disputed factual issues; but it did not identify witnesses who would testify and did not provide an offer of proof. (See *In re Mark C.* (1992) 7 Cal.App.4th 433, 444 [offer of proof "'means the testimony of specific witnesses, writings, material objects, or other things presented to the senses, to be introduced to prove the existence or nonexistence of a fact in issue'"].) Here, as in *Farrant*, Thelma failed to establish error in the refusal to hold an evidentiary hearing.

11

## DISPOSITION

The order granting judgment on the pleadings is affirmed. Andrea shall recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.


We concur:


ZUKIN, P. J.


COLLINS, J.