[No. 9922.   Department One. — October 7, 1887.]

IN THE MATTER OF THE ESTATE OF MORRIS FREUD, DECEASED.

ESTATE OF DECEDENT — REVOCATION OF PROBATE OF WILL — JUDGMENT — PARTIAL REVOCATION. — On a contest for the revocation of the probate of a will, where a verdict is rendered determining its invalidity, a judgment should be entered entirely annulling the probate, and revoking the powers of the executors; and a judgment entered in pursuance of a stipulation of the parties to the contest, whereby the probate is annulled merely as to the contestant, and to the extent to which she is interested in the estate, is void.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco revoking the probate of a will.

The facts are stated in the opinion of the court.

*Cowdery & McCutchen,* and *J. F. Cowdery,* for Proponents and Appellants.

*Matt. I. Sullivan,* and *Flournoy & Mhoon,* for Contestant and Respondent.

TEMPLE, J. — This is a contest as to the probate of a will, commenced after the will had been admitted to probate, but within one year. The contest covered all the grounds expressly defined in the code as grounds of contest. It was tried before a jury, who found for the contestant: 1. That Morris Freud, at the time of the execution of the proposed will, was not of sound and disposing mind; 2. That he was induced to sign the proposed will by means of undue influence, exercised against contestant by the proponents of the will; 3. That the proposed will was procured to be signed by means of fraud or fraudulent misrepresentations practiced upon him by proponents; and 4. That the will was signed while acting under menace used by proponents.

The trial was on September 8th. November 2d following this stipulation was filed: —

" Stipulation respecting entry of judgment and judgment roll.

"[Title of court and cause.]

" It is stipulated that the judgment or order setting aside the last will of the said deceased as to said contestant, Sophia Alexander, may be entered as of November 17, 1884, and proponents' bill of exceptions may be served within ten days thereafter, notwithstanding the said order or judgment may not have been actually entered. It is further stipulated that the judgment roll herein shall consist of the last will of deceased, the order admitting it to probate, the amended grounds of opposition of Mrs. Alexander, proponents' answer, a copy of the verdict of the jury and judgment, and the stipulation as to form of judgment, and this stipulation.

" Dated November 2, 1884.

"MATT. I. SULLIVAN,

"Attorney for Contestant.

" COWDERY & MCCUTCHEN,

"Attorneys for Proponents.

" Indorsed: Filed November 2, 1884."

Afterwards the following stipulation was filed:

" Stipulation as to judgment.

" [Title of court and cause.]

" It is hereby stipulated that the proponents of the will of said Morris Freud, deceased, will take no exception on motion for new trial, on appeal or otherwise, to the form of the judgment herein in favor of contestant, Sophia Alexander, nor because the said judgment sets aside the proposed will and the probate thereof, only as to the said contestant.

" November 17, 1884.

"Cowdery & McCutchen,

"Attorneys for Proponents.

" Indorsed: Filed November 17, 1884."

On the same day judgment was entered, by which it was adjudged that the probate of the will be annulled " as to contestant, Sophia Alexander, and that probate of said will be and the same is hereby annulled and revoked to the extent that said contestant, Sophia Alexander, is not bound by said will, and shall take, upon distribution of the estate of said deceased, the same share as she would have taken if the said Morris Freud had died intestate."

There can be no question as to the character of the judgment which the statute directs to be entered on such a verdict. The probate is annulled and revoked, and the powers of the executor cease. (Code Civ. Proc., secs. 1330, 1331.)

No objection is raised here to the judgment, but the record shows that it is void, and a review of it upon an appeal would be a vain thing.

The cause is remanded, with directions to vacate the unauthorized judgment, and render that required by law.

McKinstry, J., and Paterson, J., concurred.