[Civ. No. 8600.   Second Appellate District, Division Two.—September 12, 1932.]

GEORGE A. CLARKEN et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

A. J. Mullen and Ray E. Nimmo for Petitioners.

No appearance for Respondents.

STEPHENS, J., *pro tem.*—The will was probated and the statutory six months had run without any contest having been filed. Thereafter a writing was admitted to probate as a codicil to the will. On the same day the proponent

of the codicil filed a contest alleging that the will (not including the codicil) was drawn, signed and published while the testatrix was under the undue influence of the executor named in the will, and that he substituted his will for hers. The executor, the petitioner here, filed a demurrer and motion to strike the contest on the ground that the contest comes too late. The rulings on both were adverse to the executor and he is here requesting this court to prohibit the superior court from proceeding with such contest, alleging that the costs of preparation for the trial, the trial itself and the delay in the administration of the estate will be expensive to the estate.

No response whatever has been made to this petition either by the superior court or the contestant therein.

We think the entertainment of the contest by the superior court is beyond its jurisdiction. (Sec. 384, Probate Code.) When the statutory six months after probate of the will had expired its probate was conclusive against all persons not under a disability, subject only to any modification that might be made by a testamentary document thereafter probated. (*Estate of Moore*, 180 Cal. 570 [182 Pac. 285].)

The peremptory writ of prohibition prayed for has heretofore issued.

Works, P. J., and Craig, J., concurred.