[Civ. No. 2034.   Fourth Appellate District.—June 25, 1937.]

SECURITY TRUST & SAVINGS BANK (a Corporation), as Guardian, etc., et al., Petitioners, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Ed P. Sample and William H. Wylie for Petitioners.

Sloane & Steiner for Respondents.

BARNARD, P. J.—This is a proceeding in prohibition by which it is sought to restrain the respondent court from entering a decree of partial distribution in an estate.

The will of John M. Weisbrod was admitted to probate by an order entered on January 10, 1936. More than six months thereafter and on August 29, 1936, the Security Trust & Savings Bank, as guardian of an incompetent son of the deceased, filed a petition seeking the revocation of the probate of this will and the vacation of letters testamentary on the ground that the will was invalid for a number of reasons, including a lack of testamentary capacity and undue influence. After a hearing a judgment was entered upholding the will and the contestant appealed, which appeal is now pending in the Supreme Court.

Thereafter, the executrix filed a first account with a petition for a partial distribution. The contestant and the other petitioners herein filed exceptions to the settling of said account and to the making of any distribution on the ground that the respondent court had no jurisdiction over the same, pending the appeal. After a hearing, at which it appeared that all assets of the estate had been reduced to cash, the court found that the only part of said estate which could be affected by the appeal was the incompetent's 1/7 interest therein, and announced an intention to enter orders approving the account and granting a partial distribution, with a provision requiring that an amount about double the incompetent's interest should be retained to await the outcome of the appeal. Thereupon, these petitioners obtained this writ which was issued by the Supreme Court and made returnable here.

The petitioners contend that the court had no jurisdiction to proceed with these matters, while the appeal was pending, since the final success of the contest would result in setting aside the will in its entirety, in which event the estate must be distributed under the laws of succession. The question presented is whether a successful contest by an incompetent person, begun more than six months after the

probate of a will, has the effect of setting aside the will entirely or merely in so far as the interests of the incompetent are concerned.

The petitioners cite a number of cases to the proposition that a will cannot be annulled in part and must either stand or fall as a whole. Such a case is *Estate of Freud,* 73 Cal. 555 [15 Pac. 135]. In all these cases the contest was started before the will was admitted to probate or within such time thereafter as was allowed to all interested parties. While the corresponding sections of the Code of Civil Procedure formerly allowed one year for such a contest the time has now been shortened to six months. Section 380 of the Probate Code provides that any interested person may contest the validity of a will at any time within six months after it is admitted to probate. Section 382 provides that when, in such a contest, a will is found to be invalid the probate must be revoked and the powers of the executor shall cease. Section 384 reads:

"If no person contests the validity of a will or of the probate thereof within the time specified in this article, the probate of the will is conclusive; saving to infants and persons of unsound mind who were not made parties to the proceeding a like period of six months after their respective disabilities are removed."

The right to contest a will is created by statute and a contestant has such rights, and only such rights, as the statutes give him. (*Estate of Baker,* 170 Cal. 578 [150 Pac. 989].) These sections of the Probate Code not only provide for a contest but clearly provide that the probate of a will is not conclusive until six months has expired after the order was entered, and then only if no person has filed a contest. If a contest filed within that time, before the probate has become conclusive, results in the will being declared invalid it clearly follows that it is invalid for all purposes. The petitioners cite as controlling here the recent case of *Estate of Butzow, ante,* p. 96 [68 Pac. (2d) 374]. That case illustrates the point we are now making. A contest was there filed within the six months' period provided by the statute, the order admitting the will to probate never became conclusive, any judgment that might be entered setting aside the will would apply to it in its entirety, and the statute of limitations, by its own terms, had not run against any heir.

A different question is now before us, namely, whether a contest filed by an incompetent person as permitted by the last half of section 384, and after a probate of a will has become conclusive under the terms of the first half of that section, will, if successful, result in setting the will aside and thus inure to the benefit of other heirs who had otherwise lost their right by permitting the statutory time to elapse. To so hold would do violence to the language of the statute and would require reading into it something which was not included therein by the legislature. The petitioners would interpret this section as providing that when no contest is filed within six months the probate of the will is conclusive except where a contest is later filed by an infant or person of unsound mind, in which event the probate is not conclusive. The exception clause of the statute does not take that form and the natural effect of the language used is to indicate an intention to protect the interests of the excepted classes alone. The very purpose of the section was to settle such property rights within a reasonable time and the important provision that the probate of a will is conclusive when no contest is filed within six months should not be nullified. We think the clear intention of the statute is that where no contest is filed within the time allowed the probate of the will becomes conclusive, with the exception that an infant or person of unsound mind may later attack the same in so far as his own rights are concerned.

We think this interpretation of these statutes not only follows from the language therein used but is supported by all of the decisions in this state which have touched upon any phase of the problem. In speaking of the section of the Code of Civil Procedure corresponding to section 380 of the Probate Code, the court said in *Scott* v. *Superior Court*, 125 Cal. App. 513 [14 Pac. (2d) 99, 100] : "Section 1327 had a double aspect. It was both a statute conferring jurisdiction and a statute of repose. In the absence of an appeal, the order admitting a will to probate is controlling, and the court is without jurisdiction to entertain a petition for revocation by persons under no disability, unless filed within the prescribed time after probate." In *Del Campo* v. *Camarillo*, 154 Cal. 647 [98 Pac. 1049], it is said: "The only remedy for a fraud so committed is the remedy afforded by the probate statute, that is to say, a proceeding to contest the will and to revoke the probate thereof, which under section 1327 of

the Code of Civil Procedure may be begun within a year after such probate. This short limitation is made in order to prevent the unsettling of titles and the reopening of contests over estates of deceased persons.'' In the early case of *Samson* v. *Samson*, 64 Cal. 327 [30 Pac. 979], a will admitted to probate in 1870 was attacked in 1880 by one of four minor children left by the deceased. The court there said: ''Meanwhile, however, the other heirs had permitted one year after the removal of their respective disabilities to pass without instituting any contest; and the point is made that as to them, at least, the decree of probate is conclusive. The position, we think, must be sustained. We see no difficulty in avoiding the probate so far as the interests of the contesting heir are concerned, and permitting it to stand so far as concerns the heirs who have lost their rights by lapse of time.'' In the companion case of *Thompson* v. *Samson*, 64 Cal. 330 [30 Pac. 980], the court said:

''On the part of the heirs it is contended that, when the probate of the will was revoked and it was determined that the document purporting to be a will was in fact not a will, every step in the probate proceedings from the admission of the document to probate to and including the final distribution of the estate, became absolutely void and of no effect, and that any and all conveyances made by the distributee of the estate became likewise of no effect. The result of sustaining this proposition is, of course, to hold that no purchaser at an executrix's sale, and no purchaser from any heir, legatee, or devisee, made even after final distribution can ever be secure in his purchase until the expiration of one year after every infant and person of unsound mind who may be interested in the estate shall have been relieved of their respective disabilities. If this is the law, of course we must so declare it, however disastrous the consequences may be. But is it the law? It is true that there is a provision of the statute saving to infants and persons of unsound mind one year after their respective disabilities are removed within which to contest the probate of a will. But the statute also makes provision for the presentation to the proper Probate Court of a petition for the probate of a document purporting to be the will of a deceased person, for a hearing of the petition after due notice, the establishment of the will by proper proof, its admission to probate and thereafter, for the proper administration of the estate

and its final distribution to the person or persons entitled thereto—the statute declaring the decree of distribution to be 'conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal.' (Sec. 1666, Code Civ. Proc.)

"These various provisions of the statute must be construed together and effect given them in accordance with legal principles. The fundamental error on the part of appellant's counsel is in not keeping in mind the distinction between proceedings that are void, and those that are voidable merely."

In many cases it has been held that an order admitting a will to probate becomes final and conclusive after the expiration of the statutory time for a contest, except as to minors and lunatics. Among these are the following: *Estate of Davis*, 136 Cal. 590 [69 Pac. 412], *Tracy* v. *Muir*, 151 Cal. 363 [90 Pac. 832, 121 Am. St. Rep. 117], *Estate of Moore*, 180 Cal. 570 [182 Pac. 285], *Estate of Parsons*, 196 Cal. 294 [237 Pac. 744], *Estate of Smith*, 214 Cal. 50 [3 Pac. (2d) 921], *San Diego Trust etc. Bank* v. *Heustis*, 121 Cal. App. 675 [10 Pac. (2d) 158], and *Clarken* v. *Superior Court*, 125 Cal. App. 725 [14 Pac. (2d) 117]. In *Estate of Smith*, *supra*, the court said: "The contest of the will filed May 14, 1930, was not filed within one year after the probate of said will. The order admitting the will to probate is, therefore, conclusive, except as against infants and insane persons."

In *Spencer* v. *Spencer*, 31 Mont. 631 [79 Pac. 320], in passing upon a similar question, under a statute almost identical with section 384 of our Probate Code, the court said: "The language of this statute is too plain to require either interpretation or construction. If the heir voluntarily permitting the time allowed by law to contest a will to lapse without making any objection can profit by a successful contest instituted by one whose time has not elapsed, he accomplishes by indirection that which the law forbids him to do directly, and reopens a controversy which the statute says is concluded." After referring to other statutes relating to the probate of a will the court, in that case, went on to say: "All these statutes must be construed together. Where there is a proper subject-matter, neither the order admitting a will to probate nor the order of final distribution is void, and neither can be contested or set aside except in the manner and within the time fixed by statute; nor can one against

whom by lapse of time these proceedings have become 'conclusive' avail himself of proceedings instituted and carried to a successful conclusion by one against whom the limitation has not run.''

While there is some conflict in the decisions in various states on the general proposition here involved, a part of which may be accounted for by a difference in the language used in their respective statutes, it is our openion that, under the language of our statute, the better reasoning and the prior decisions in this state support the conclusion that the contest brought in behalf of this incompetent person cannot have the effect of setting aside this will except in so far as his particular interest is concerned. If this contest is finally successful the general effect would be somewhat similar to a case where there is a pretermitted child, and the incompetent would take his share of the estate while the will would stand as to the remainder.

■ This being the only question raised and it appearing that the trial court is proposing to fully care for the rights and interests of the incompetent person in any order or decree made, the petitioners are not entitled to a peremptory writ.

The alternative writ is discharged and the application for a peremptory writ is denied.

Marks, J., and Jennings, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 23, 1937.