[Civ. No. 13747. First Dist., Div. Two. Jan. 25, 1949.]

Estate of MARIA A. WALTERS, Deceased. BERNARD B. STIMMEL, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

Stimmel & Stimmel and Robt. E. Hatch for Appellant.

Norman Elkington and Sylvester Andriano for Respondents.

GOODELL, J.—Mary R. Walters died on December 22, 1945, leaving a document dated November 19, 1945, purport-

ing to be her will.  On January 11, 1946, it was admitted to probate.

On March 5, 1946, respondent Crann filed a petition for its revocation on the grounds that decedent was of unsound mind and that the document was not executed in the manner or form required by law.  Therein he alleged that on April 3, 1945, decedent had executed a valid will in which he, Crann, was a devisee and legatee.

On January 24, 1947, appellant without leave of court filed a paper entitled ''Joinder in petition for revocation of probate of will.''  Therein he alleged as heirs six nephews (including himself), one niece and three grandnieces of decedent, and three sisters and a brother of her deceased husband.  The grounds for revocation are those alleged in the Crann petition.  The prayer is that the probate of the will of November 19, 1945, be revoked and that appellant ''be permitted to join in the contest now pending herein.''

Four days later, on the 28th, respondent Crann filed a dismissal of his contest, dated November 27, 1946, and on the 31st he filed a stipulation dated November 8, 1946, signed by himself and by two of the legatees named in the will of November 19, 1945, agreeing to a division of the estate.

Early in April, 1947, respondent Crann moved the court, on notice, to strike appellant's ''Joinder'' from the files on the ground that it had been filed without leave of court or authority of law.  The motion was granted and this appeal was taken.

As far as appellant's rights are concerned, it is clear that he could have pursued any one of three recognized methods of contesting this will.  He could have filed a contest (1) before probate (Prob. Code, § 370), or (2) within six months after probate (*Id.*, § 380) as did Crann, or (3) he could have become a party to the Crann contest by intervening therein pursuant to section 387, Code Civ. Proc., even after the six months had run, his grounds having been the same as those in the basic contest (*Voyce* v. *Superior Court*, 20 Cal.2d 479 [127 P.2d 536]).

He availed himself of none of these plain remedies.  Instead, he filed the ''Joinder'' without any leave of court, and thereby sought to establish himself in the same legal position as he would have occupied had he followed the Voyce case and intervened.  He makes no claim that his was an informal intervention, for he says: ''The principles of these two cases [Voyce and this case] are analogous.  The only

distinction is that in the former the contestant proceeded by way of intervention, obtaining a court order rather than just filing the usual contest, as appellant did." The answer to this is that appellant's "Joinder" was not "the usual contest"; it was neither a contest within the six months' period nor an intervention.

The right to contest a will is created by statute and a contestant has such rights, and only such rights, as the statutes give him. (*Estate of Baker*, 170 Cal. 578 [150 P. 989]; *Security T. & S. Bank* v. *Superior Court*, 21 Cal.App.2d 551, 553 [69 P.2d 921].)

As far as the procedural question now under discussion is concerned the Voyce case goes no further than to hold that a "person interested" in a pending will contest may become a participant therein *by way of intervention under section 387, Code of Civil Procedure*, even after the six months' period has elapsed. Appellant did not see fit to follow that procedure, and as he did not file a contest under section 370 before probate, or under section 380 within six months thereafter, it is clear that he has not followed *any statutory procedure* for joining his contest to that of Crann, or identifying himself with it, nor has he cited any authority countenancing the procedure which he adopted. The Voyce case lends no support to it, nor does that case hold that as long as any contest is filed within the six months the statutory limitation is removed as to other contestants who may decide to come in later without leave to intervene.

Appellant occupies a position somewhat analogous to that of a party to a civil action who attempts to amend his pleading without leave of court. Section 473, Code of Civil Procedure provides that the court may in its discretion after notice to the adverse party allow, upon such terms as may be just, an amendment to any pleading or proceeding. However, "after the expiration of the time within which amendments may be filed as of course, amendments may be filed by, and only by, leave of court first had and obtained. An amendment made without leave, where such leave is required, may not be treated as a pleading in the case, but may be stricken out on motion." (21 Cal.Jur., p. 178.) Appellant's situation, however, is not that of a party to a civil action, for appellant was not a *party*, but an utter stranger, to this probate proceeding when he sought, without the permission of the court, to *become a party* to the Crann contest and thus gain such advantage as would inure to him therefrom. Again

at 21 California Jurisprudence, page 246, it is said: ". . . an amended or supplemental pleading which is filed without leave of court, where such leave is necessary . . . may be stricken from the files upon motion of the adverse party . . . Such motions are addressed to the sound discretion of the court. . . ."

Although these familiar rules of pleading and practice are discussed in respondent's brief, appellant makes no reply thereto.

There could have been no abuse of discretion in the granting of the motion in view of the facts disclosed by this record.

The order is affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied February 24, 1949, and appellant's petition for a hearing by the Supreme Court was denied March 24, 1949. Carter, J., voted for a hearing.