285 P.2d 1061 (1955)
Matter of the ESTATE of Matt ISAACSON, Deceased.
Herman J. ROSSI, Petitioner, for George Isaacson, Plaintiff-Appellant,
v.
Walter JARVEY, Administrator, Defendant-Respondent.
No. 8228.
Supreme Court of Idaho.
July 6, 1955.
*1062 Robert J. Fanning, Kellogg, for appellant.
Eugene F. McCann, Wallace, Lester S. Harrison, Kellogg, for respondent.
PORTER, Justice.
On and prior to October 29, 1929, Matt Isaacson and Hilma Isaacson were husband and wife. Each had children by a previous marriage. On such date they executed a joint will. By the terms of such will, the survivor was to receive all the estate of the deceased except nominal legacies to the children of deceased. Upon the death of the survivor, all the property of the survivor was bequeathed in equal shares to each of the children of the husband and wife.
Hilma Isaacson died on the 26th day of June, 1950, and the joint will was admitted to probate in the County of Shoshone as her last will and testament. Thereafter, on November 20, 1951, a final decree of distribution in her estate was entered awarding all the property in said estate to Matt Isaacson with the exception of nominal awards as provided by the will to the children of Hilma Isaacson.
Matt Isaacson died on or about September 22, 1952. Walter Jarvey, a son of Hilma Isaacson, on July 15, 1954, filed a petition for the probate of the joint will as the last will and testament of Matt Isaacson, deceased, and applied for issuance of letters of administration with the will annexed. On November 6, 1952, an order was made by the probate court admitting such will to probate as the last will of Matt Isaacson, deceased, and letters of administration with the will annexed were issued to the petitioner, Walter Jarvey.
On January 30, 1953, appellant, Herman J. Rossi, an attorney, filed a petition in the Probate Court of Shoshone County, tendering for probate a purported last will of Matt Isaacson, deceased, dated May 3, 1952. Such will bequeathed all of decedent's property to his three children. It did not mention or leave any property to the children of Hilma Isaacson, his deceased wife. Such purported last will expressly revoked all other wills and codicils previously made by the testator. It was also alleged in appellant's petition that the executrix and alternate executrix named in such will, being two daughters of testator and legatees under the will, had waived their rights to act and had requested petitioner to act as administrator with the will annexed; and that he had consented to so act.
The petition prays that the will dated May 3, 1952, be admitted to probate and the petitioner appointed administrator with the will annexed; that the joint will admitted to probate on November 6, 1952, be declared not to be the last will of said decedent; and that the probate thereof and the letters of administration with the will annexed issued thereon be revoked and annulled.
Walter Jarvey, administrator with the will annexed, filed a demurrer to said petition and a motion to strike the same. Upon hearing, the demurrer was sustained and the motion to strike granted. Appellant thereupon appealed to the District Court for Shoshone County. After hearing in the matter, the district court entered an amended order or judgment affirming the action of the probate court in sustaining the demurrer and granting the motion to strike and ordered the cause remanded to the probate court for further proceedings. From such amended order or judgment, appellant has appealed to this court.
*1063 It seems to be the theory of respondent and the theory adopted by the probate court and the district court that the execution of the joint will and the receipt of benefits thereunder by the survivor, created an irrevocable contract and rendered invalid his purported later will revoking his joint will; and that such issues could be litigated in the probate court upon the tender of the later will for probate. In acting upon this theory, the probate court and the district court were in error.
Although a joint will and acceptance of benefits thereunder by the survivor may, under some circumstances, constitute an irrevocable contract, such facts do not make the joint will the irrevocable will of the survivor; and his joint will may be revoked by a later will. Furthermore, the question of whether an irrevocable contract exists is not an issue when the later will is tendered for probate.
The issues of whether such an irrevocable contract exists and the enforcement thereof are matters to be tried out in a court of equity, and are beyond the equitable powers of the probate court in probate matters. Dewey v. Schreiber Implement Co., 12 Idaho 280, 85 P. 921; Wilson v. Fackrell, 54 Idaho 515, 34 P.2d 409; Ashbauth v. Davis, 71 Idaho 150, 227 P.2d 954, 32 A.L.R.2d 361.
In 57 Am.Jur., Wills, Sec. 716, p. 485, it is said:
"A probate court whose jurisdiction is limited to the determination of the issue whether the instrument propounded is the last will of the decedent lacks power to enforce an agreement between two testators to make wills which are mutual and reciprocal in their provisions. * * * Generally speaking, the remedy of a person injured by the violation of a contract for the execution of wills containing reciprocal bequests and bequests to third persons effective upon the death of the surviving testator is not to be had in a contest of the probate of the will which constitutes the violation of which complaint is made, since, in the absence of statute, the only issue on a contested probate is whether the paper propounded is `the last will of the decedent.' Similarly, a contract jointly to execute a single will which is reciprocal in the bequests made cannot be asserted as a ground for contesting the probate of a later revoking will. It is not a ground of contest to the probate of a will that it violates an agreement to make wills containing reciprocal provisions or revokes a former will made in pursuance of such agreements, and the probate court cannot refuse to probate a will on the ground that it was made in violation of such an agreement, * * *."
In Fuller v. Nelle, 12 Cal.App.2d 576, 55 P.2d 1248, at page 1250, the court quotes with approval from an earlier case as follows:
"`A will, though it may be irrevocable as a contract, is none the less revocable as a will, and in case such a will is revoked, the injured party cannot contest the later will in the probate court on that ground or insist on the probate of the earlier will, but is remitted to an independent action at law or in equity to enforce whatever rights he may have.'"
In the case of In re Burke's Estate, 66 Or. 252, 134 P. 11, Headnote 4 is as follows:
"Where the proponents of an earlier will claim that it was made under an agreement between the testator and his wife that each should make a will in favor of the other, with remainder over to the wife's children, and that the husband had been in possession of the property willed to him by his wife under that agreement, the existence of such an agreement cannot be determined in the proceedings to contest the later will, since it is no objection to the probate of that will that it violated such an agreement."
In the case of In re Rolls' Estate, 193 Cal. 594, 226 P. 608, Headnote 5 is as follows:
"Joint dispositions of property under a testamentary instrument are revocable as a will by either testator in *1064 the usual manner so far as relates to his own disposition, though such instrument as a compact is irrevocable in equity."
Anno. 169 A.L.R., Sec. 2, p. 53, at p. 54, says:
"It is not a ground of contest to the probate of a will that it violates an agreement to make wills containing reciprocal provisions or revokes a former will made in pursuance of such agreements, and the probate court cannot refuse to probate a will on the ground that it was made in violation of such an agreement, unless such court is, by statute, given equitable jurisdiction. Likewise, the rule is that a will which has been revoked cannot be probated even though the revocation was in violation of a contract for the execution of separate wills containing reciprocal bequests. Similarly, a contract jointly to execute a single will which is reciprocal in the bequests made cannot be asserted as a ground for contesting the probate of a later revoking will."
See, also, In re Harris' Estate, 9 Cal.2d 649, 72 P.2d 873; 57 Am.Jur., Wills, Sec. 180, p. 158.
Respondent makes the additional contention that appellant cannot maintain this action for the reason that Section 15-223, I.C., provides that only a person interested may contest the probate of a will, and that appellant is not such an interested person. Strictly speaking, the petition for the probate of the later will is not a contest of the probate of the joint will; although the probate of the later will may result in the revoking of the probate of the joint will. In re Moore's Estate, 180 Cal. 570, 182 P. 285; Clarken v. Superior Court, 125 Cal.App. 725, 14 P.2d 117; In re Elliott's Estate, 22 Wash.2d 334, 156 P.2d 427, 157 A.L.R. 1335; Annotation 107 A.L.R. 252, Sec. 5; Annotation 157 A.L.R. 1353.
The petition for the probate of the will and appointment of petitioner as administrator with the will annexed alleges as noted hereinbefore that appellant's action was at the request of persons qualified to present such a petition. Section 15-202, I.C. Appellant, in presenting such petition, was acting in their behalf.
The probate court was in error in sustaining the demurrer to appellant's petition and in granting the motion to strike same. The district court was likewise in error in its judgment affirming the action of the probate court. The judgment of the trial court is reversed and the cause remanded with instructions to the district court to enter judgment reversing the judgment of the probate court and remanding the cause to the probate court for further proceedings upon the petition. Costs to appellant.
TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.