291 P.2d 293

Clarence NEER, Plaintiff-Respondent,

v.

J. R. McFARLAND and Russell Kotschevar, Defendants-Appellants.

No. 8299.

Supreme Court of Idaho.

Dec. 14, 1955.

Bandelin, Bandelin & Ponack, Hardy C. Lyons, Sandpoint, McNaughton & Sanderson, Coeur d'Alene, for appellant.

Stephen Bistline, Sandpoint, for respondent.

SMITH, Justice.

July 10, 1952, plaintiff entered into a written contract with defendant Kotschevar, who represented defendant McFarland as a disclosed principal. Plaintiff thereby agreed, for $1,200, to move the McFarland house from its present location to another location. The dispute under this contract arose out of matters having to do with the foundation of the house. The contract, as it relates to the foundation, provides that "the foundations are to be built by R. Kotschevar before moving," upon which the building and severed portions are to be placed in reasonably good condition and workmanlike manner.

Plaintiff's amended complaint sets out the written contract, then alleges that defendants prepared the foundation upon which the house was to be placed but in so doing, did not leave openings for skids upon which the house rested and upon which it was moved; that plaintiff requested defendants to make such openings in the foundation walls which defendants refused to do; thereupon defendants told plaintiff that if he expected to get his money, he would have to get the house down on the foundation without openings being made in the foundation.

Plaintiff admitted payment of $700 of the agreed contract price of $1,200; then alleges that he was willing and able to perform the entire contract and place the house down onto the foundation, provided

that defendants would live up to their agreement, "and prepare the foundation for the house, in proper manner;" that defendants having failed to do so, they anticipatorily breached the entire contract, and that plaintiff is still entitled to the full contract price of $1,200, less the $700 paid thereon.

Plaintiff further alleges that after he commenced the contracted work, defendants agreed to reimburse him for additional expenses in turning the house before taking it off the foundation, which work was not called for in the original contract; also, that $500 is a reasonable charge for turning the house.

Plaintiff seeks recovery of $500 allegedly due on the written contract and $500 for turning the house.

Defendants in answer to the amended complaint admit the written contract of July 10, 1952; admit that, in preparing the foundation for the house, they did not leave skid openings; generally deny the remaining allegations of said complaint, and affirmatively allege that they agreed to pay plaintiff an additional $100 for taking the house out in a different manner, under the oral contract, than as contemplated by the written contract.

The trial court overruled defendants' demurrers; also denied defendants' motion for a directed verdict. The jury returned a verdict of $1,000 in plaintiff's favor upon which the trial court entered judgment and

from which defendants perfected this appeal.

Defendants by their several assignments specify error of the trial court in failing to sustain their demurrers; in failing to sustain their motion for directed verdict; and in giving certain jury instructions; also they assign insufficiency of the evidence to sustain the verdict and judgment.

Plaintiff in his amended complaint in effect sets forth two causes of action ex contractu arising out of the house-moving transaction. We shall regard and dispose of each cause of action separately.

Plaintiff attempts to base his first cause of action on the written contract of July 10, 1952, upon the theory that defendants prevented plaintiff's full performance of the house-moving job by refusing to make skid openings in the foundation.

The complaint does not set out wherein defendants violated the terms of that contract by not leaving skid openings; nor wherein the foundation was not constructed in the proper manner by reason of absence of the skid openings, in violation of specified terms of the contract; also, the complaint fails to allege that the failure of defendants to make the skid openings, or any other action on their part, was wrongful, or in bad faith; or that plaintiff thereby was prevented from completing his performance under the contract; or that the parties contemplated making the skid openings in the foundation when the contract

was made. The complaint shows on its face, by reference to the contract, only that "the foundations are to be built by R. Kotschevar before moving." Nothing further appears relating to the construction of the foundation; particularly, the contract does not contain any clause requiring the builder to leave skid openings in the foundation.

█ Further, the complaint fails to allege any proper basis for the recovery of damages by reason of any alleged breach of said contract. Plaintiff alleges only that he is entitled to the full contract price less amounts paid on account, rather than that he is entitled to recover his profit on the balance of the contract, had it gone to completion.

We now shall examine the evidence thereby to ascertain whether, at the time the contract was entered into, the parties contemplated that skid openings be left in the foundation.

The record shows that plaintiff is an experienced house mover; that defendant Kotschevar is an experienced builder, but did not have any experience in moving houses; that defendant McFarland did not have experience in either line of endeavor mentioned.

The record shows that the parties met and talked about moving the house. They twice met at the location from where the house was to be moved; then at the office of defendant McFarland where plaintiff and defendants arrived at the terms and conditions of the contract, excepting additions relating to times of payment, which the parties, at plaintiff's request, added later as part of the contract.

The testimony of all parties fails to show, during those times referred to, that any mention was ever made of skid openings in the foundation; nor did the subject matter ever come up for discussion until the latter part of September, 1952, under the circumstances hereinafter referred to.

Defendants, during the two months period commencing the latter part of July and ending the latter part of September, 1952, caused to be constructed a steel-reinforced concrete foundation for the house, in and upon the lot to which the house was to be moved. Plaintiff's residence was situate next door, adjoining that lot; although during that period of time plaintiff frequently observed the building of the foundation by defendants' workmen, he did not mention to defendants, or to their workmen, anything about leaving skid openings in the foundation. During the latter part of September, 1952, after the foundation had been completed, plaintiff commenced the work of moving the house; yet continuing up to that time, he had not checked the foundation for any skid openings.

It was not until plaintiff had moved the house to the new location (excepting a severed bedroom and porches yet to be moved), that the matter of skid openings first came up for discussion. Then, for

the first time, plaintiff told defendant Kotschevar that he, plaintiff, desired skid openings in the top of the foundation for the purpose of setting the house on the foundation, thereby to permit plaintiff to withdraw his full length skids from under the house after lowering it on the foundation. Plaintiff at the time desired to break such openings in the finished concrete walls which defendant Kotschevar would not permit, on account of material damage which, in his opinion as a builder having experience with concrete, thereby would result to the foundation. Plaintiff then left the job and did not perform any further work under the written agreement, or otherwise.

Defendants thereafter moved the house on to the new foundation without cutting skid openings therein.

The record further discloses that about the time plaintiff was moving this McFarland house, he engaged in another job, moving the so-called Cramer house; that plaintiff's workmen constructed the foundation for the Cramer house but did not leave any skid openings in the foundation; however, plaintiff moved the Cramer house and set it on the foundation without skid openings.

The record also shows from plaintiff's own testimony that he could have set the McFarland house on its foundation without skid openings, by work additional to that which he had contemplated under the written agreement.

Plaintiff did not deem it necessary to tell or suggest to defendants or to their workmen where to leave skid openings in the foundation, although he admitted that knowledge would be peculiar to him where the skids would be placed under the house; he asserted that defendants' workmen could have made measurements after the skids were placed under the house to determine positions of skid openings; but noteworthy, the written contract to which plaintiff is a party provides that the foundation is to be built by defendant Kotschevar before moving the building, and the foundation was so built.

The evidence clearly shows that the skid openings were not in the contemplation of the parties at the time the contract was entered into. The lack of any experience in house-moving on the part of defendants would remove that element from their contemplation; and plaintiff, with house-moving experience, had he so contemplated, became estopped by his acts in failing to suggest the skid openings at any time until he had moved the house and after defendants had built the foundation, although plaintiff had ample opportunity to suggest the openings during the two-months period of construction of the foundation.

The evidence is wholly insufficient to sustain any recovery on plaintiff's first cause of action for $500 or for any sum, as a balance owing on the written contract. Further, the record discloses mat-

ters as hereinbefore pointed out which necessarily prove fatal to a recovery as a final result on plaintiff's asserted theory under said contract, which, it becomes the duty of this court to recognize and enforce, at the time such circumstances first appear. State for Use and Benefit of Moscow Concrete, Inc., v. American Surety Co. of New York, 77 Idaho 15, 285 P.2d 1056.

Plaintiff's second cause of action is founded upon the oral contract relating to turning the house, entered into after the written contract.

The complaint alleges that defendants "agreed to reimburse plaintiff for additional expenses" in turning the house. Elsewhere, the complaint alleges that "reasonable charges for turning the house was in the sum of $500.00."

The record discloses a dispute between plaintiff and defendant as to the terms of this oral contract. Defendants contend that the contract was for payment of $100 by them to plaintiff for turning the house, which sum was arrived at because of damage which would occur to shrubbery, estimated in that amount, if the house be taken out as originally planned. Plaintiff on the other hand asserts that he told defendants that the job would cost more than $100 and that they told him "to go ahead and they would see that he did not lose money." He stated the turning operation took 10 days with a crew working 3 hours a day (30 hours), and that he considered the job worth $500. Plaintiff's proof, construed most favorably to him tends only to support the items as follows: two men at $1. an hour each for the 30 hours; plaintiff's time at $3. an hour for the 30 hours; and one man at $2.50 an hour for 16 hours; total $190. Additionally, but value not shown: 20 gallons of motor fuel, and intermittent use of two motor trucks. No further proof appears.

■ The evidence aforesaid is insufficient to sustain the recovery of $500, which plaintiff seeks under his second cause of action, and which sum the jury included in its verdict and the court in its judgment, nor to sustain a recovery thereunder in excess of $200.

It is unnecessary to consider the remainder of appellant's assignments of error.

The judgment of the trial court as to inclusion therein of the sum of $500 on plaintiff's first cause of action is reversed; and as to inclusion therein of the sum of $500 on plaintiff's second cause of action is modified by reduction to the sum of $200. The trial court is instructed to modify the judgment by reduction from the sum of $1,000 to the sum of $200 and as so modified, the judgment is affirmed.

Costs to appellants.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.