In the Matter of the ESTATE of Paul F. TRUSKEY, Deceased.

Donald Lee TRUSKEY, Plaintiff in Error,

v.

Bessie Beatrice TRUSKEY, Defendant in Error.

No. 42142.

Supreme Court of Oklahoma.

Sept. 10, 1968.

Charles Hill Johns, James F. Howell, Toney M. Webber, Midwest City, for plaintiff in error.

W. Custer Service, Edmond, for defendant in error.

LAVENDER, Justice.

This appeal involves an order, judgment or decree of the District Court of Oklahoma County, reversing an order of the county court which denied a petition of the defendant in error herein in contest of an instrument which the county court had, theretofore, admitted to probate as the last will and testament of Paul F. Truskey, deceased. The contest petition was filed, and the county court acted thereon by denying the petition, while appeals from the order admitting the instrument to probate as the last will and testament were pending in the district court. It seems to be conceded that, in the absence of a will, the only heirs at law of the decedent would be his widow, Bessie Beatrice Truskey, who is the defendant in error or ap-

pellee herein, and an adult son, Donald Lee Truskey, who is the plaintiff in error or appellant herein.

Our disposition of this appeal makes it unnecessary to outline all of the facts that appear from the record before us, or to mention all of the instruments which were presented for probate as the last will and testament of the decedent, or the provisions of any of them.

On October 1, 1962, the county court admitted to probate as the last will and testament of the decedent a holographic instrument which the widow had found in the decedent's billfold several days after a typewritten will of the decedent had been presented for probate by John C. Junker who was named therein as a beneficiary and as executor thereof, and denied admission of the typewritten will. The widow had contended in the county court that this holographic will, herein referred to as the "billfold will," should be admitted to probate as a codicil to the typewritten will, not as an independent later will which revoked the typewritten will. Mr. Junker and the widow appealed, separately, to the district court from that order of the county court and furnished the required appeal bonds in the amounts fixed by the county court.

On October 28, 1963, one year and twenty-seven days after the October 1, 1962, order of the county court but while the above mentioned appeals from that order were still pending, undisposed of, in the district court, the widow filed in the county court, in the same case, an instrument denominated "Petition for Probate of Later Will," with which she presented a holographic instrument, testamentary in character, written across the face of a blank check form (hereinafter called the "check-book will") which she alleges therein (and later testified) was entirely in the handwriting of the decedent and bore his signature, and which she alleges therein was the last will and testament of the decedent, later in time than the billfold will, discovered and located subsequent to October 1, 1962. This "Petition for Probate

of Later Will" states that she "contests" the billfold will and that her appeal from the probate thereof is pending in the district court, and prays that the probate of the billfold will be vacated, set aside, annulled and revoked, that the check-book will be admitted to probate as the last will and testament of the decedent, that letters "testamentary" be issued to her, and that the court fix a time and place for hearing the petition and that notice thereof be given as provided in 58 O.S.1961, §§ 62 and 63.

Hearings were held on this petition and on objections by the son and on March 26, 1964, according to the journal entry thereof, the county court found that the check-book instrument was not discovered or located subsequent to the order admitting the billfold will to probate but either had been within the possession or knowledge of the petitioner since prior to that date or had been written since then by someone unknown, and, therefore, should not be considered in a contest of will after probate; that the check-book instrument, although holographic in nature, was not wholly written, dated and signed in the handwriting of the decedent and was not otherwise executed with the formality required for the execution of a will and, therefore, is not entitled to probate; and that the jurisdiction concerning the validity of the billfold will was then vested in the District Court of Oklahoma County, Oklahoma, by reason of the appeals from the order admitting the billfold will to probate pending therein. Based upon those findings, the county court on March 26, 1964, ordered, adjudged and decreed that the widow's petition be denied and that the alleged will propounded therein be denied probate.

The widow filed notice of appeal to the district court from that order and furnished the required appeal bond in the amount fixed by the county court. Although not shown in the record before us, it appears that the son filed in the district court a motion to dismiss the appeal for want of jurisdiction, for among other things, his objections filed in that court "renewed"

his motion to dismiss the appeal for want of jurisdiction.

The district court had on November 5, 1963, affirmed the October 1, 1962, order of the county court admitting the billfold will to probate, but Mr. Junker and the widow had filed timely motions for a new trial, which were not acted on until January 12, 1966, when the district court overruled them. Although those movants gave notice of intention to appeal to this court from those rulings of the district court, neither party ever filed a petition in error in this court.

The district court tried the widow's appeal from the county court's order of March 26, 1964, denying her contest petition, and took the matter under advisement. On January 12, 1966, the district court rendered its judgment reversing the county court's order of March 26, 1964, and admitted the check-book will to probate. The present appeal involves that judgment.

Neither the record before us nor the briefs of the parties discloses the date on which the district court judgment affirming the October 1, 1962, order of the county court admitting the billfold will to probate was filed in the county court, but it could not properly have been filed therein prior to January 12, 1966, the date on which the district court overruled the motions for new trial concerning that judgment of the district court.

In his first proposition, the appellant attacks the jurisdiction of the county court and therefore of the district court on appeal, to grant the relief prayed for by the appellee in her petition, filed in the county court on October 28, 1963, to vacate its order of October 1, 1962, admitting the billfold will to probate, and to admit the check-book will to probate as the last will and testament of the decedent.

His attack is upon the ground that the appellee's petition in question herein constituted a post-probate contest of the billfold will, or of the order of the county court admitting it to probate, which was not filed in the county court within the

six-months period prescribed by 58 O.S. 1961, § 61, and that, therefore, the county court and the district court on appeal were without jurisdiction to grant the relief prayed for in the appellee's petition.

At the time the billfold will was admitted to probate by the county court, 58 O.S.1961, § 61 (which was amended in 1967) provided:

"When a will has been admitted to probate, any person interested therein may at any time within six months from the date the will was admitted to probate contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:

"1. That a will of a later date than the one proved by the decedent, revoking or changing the will, has been discovered, and is offered;

"* * *"

At the same time, 58 O.S.1961, § 67 (which was amended in 1965) provided that:

"If no person, within six (6) months after the probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind, a period of one (1) year after their respective disabilities are removed."

He cites a number of decisions of this court (none of which involved an appeal from the county court's order admitting the will to probate) to the effect that Section 61 is jurisdictional and that the county court is without jurisdiction to grant the relief prayed for in a post-probate contest unless the petition therefor be filed within the prescribed period after the order admitting the will to probate.

In this connection, he argues that, because the widow's position in the county court, as disclosed by her objections to his petition for the admission of the billfold

will to probate, was that, although the instrument was a valid, holographic instrument which should be admitted to probate, it did not expressly revoke or cancel the prior typewritten will and, therefore, should be admitted to probate as a codicil to the typewritten will, her appeal did not involve the validity of the instrument or its admission to probate, and that, therefore, under the principles applied in O'Neal v. James (1957), Okl., 312 P.2d 889, construing the provisions of 58 O.S.1961, § 731, the county court's order of October 1, 1962, admitting the billfold will to probate, became final in spite of the appeal, and because of that fact, the situation is the same as though there had been no appeal.

This argument overlooks the fact that there were two appeals from the order in question, and that the other appeal was by a person who was named in the typewritten will as a beneficiary thereunder as well as the executor thereof, who had contended in the county court that the typewritten will was a valid testamentary instrument and that the billfold instrument was not a valid testamentary instrument and therefore, should not be admitted to probate even as a codicil to the typewritten will.

The appellee contends that the statutory time for filing a post-probate contest cannot begin to run until the order admitting the will has become final, and that, in the event of an appeal from an order admitting a will to probate, that order does not become final until the appeal has been finally disposed of and the "mandate" of the appellate court with respect thereto has been filed in the trial court.

In support of this contention, the appellee cites the California case of Scott v. Superior Court in and for Alameda County et al. (1932), 125 Cal.App. 513, 14 P.2d 99, which involved a contest after probate with an intervening appeal from the order admitting the will to probate, and it appears from the opinion that, at the time involved therein, California had statutes substantially like our 58 O.S.1961, §§ 61 and 62, except that they allowed one

year after probate of a will for the filing of such a contest. In that case, there had been an appeal from the order of the probate court admitting the will to probate, in which the Supreme Court of California had affirmed the order of the probate court, and the contest in question had been filed in the probate court more than three years after the order of the probate court admitting the will to probate but within one year after the "remittitur" of the Supreme Court evidencing its disposition of the appeal had been filed in the probate court. In refusing to prohibit the probate court from hearing the contest, the District Court of Appeals, First District held, in effect (and the Supreme Court of California denied a hearing thereon), that, in such a situation, the statutory time for filing such a contest does not begin to run until the remittitur of the appellate court has been filed in the probate court. In arriving at that conclusion, the California court (after referring to earlier contest petitions involved in a companion case decided the same day) said:

"We are concerned in this present proceeding with the question of whether the petition filed on January 7, 1927, considered apart from the prior petitions, was filed within the time prescribed by law; and that depends on whether the time began to run from the date of the order of the probate court admitting the proffered will or the date of the filing of the remittitur from the Supreme Court affirming that order.

"Prior to the amendment of 1929, section 1327 of the Code of Civil Procedure provided that, when a will has 'been admitted to probate,' a petition to revoke probate might be filed by any interested person 'at any time within one year after such probate'; and, subject to a saving clause in favor of persons under disability, section 1333 made probate of a will conclusive, if no person contested it within one year after its probate.

"The petitioner here contends that, in computing the time, the appeal is to be ignored, and that the order of the probate

court at once established for the will a commanding legal status which, despite the loss of operative effect in the interim, preserved the will's vitality unimpaired for the purposes of any contest.

"Section 1327 had a double aspect. It was both a statute conferring jurisdiction and a statute of repose. In the absence of an appeal, the order admitting a will to probate is controlling, and the court is without jurisdiction to entertain a petition for revocation by persons under no disability, unless filed within the prescribed time after probate. Estate of Sbarboro, 63 Cal. 5; Estate of Smith (Cal.Sup.) 214 Cal. 50, 3 P.2d 921; 26 Cal.Jur. 1087.

"There are, however, no decisions in this state as to the construction to be given to section 1327 in the event of an appeal from the order of admission.

"When such an appeal is perfected, the trial court loses jurisdiction of the subject-matter of the order, including all questions concerning the status of the instrument affected. Under section 949 of the Code of Civil Procedure the appeal in this case stayed all proceedings upon the order, and hence during the pendency of the appeal the court could not entertain a new proceeding directed against the matters under review. The proceeding for probate of a will is a proceeding in rem, and the order of admission to probate, when it becomes effective, is binding on all persons in interest. Estate of Parsons, 196 Cal. 294, 299, 237 P. 744; Estate of Allen, 176 Cal. 632, 633, 634, 169 P. 364; Estate of Baker, 170 Cal. 578, 585, 150 P. 989.

"If the order is affirmed on appeal, then, saving rights of persons under disability, it is affirmed as to all who have any interest in the estate; and, if the probate of the will is vacated, it is vacated as to everybody. Estate of Freud, 73 Cal. 555, 15 P. 135.

"Upon affirmance of the order, the powers of the probate court over the will are revived; but the will, though possessing testamentary status, is still subject to the statutory right to contest its validity notwithstanding probate. On the other hand, reversal of the order of admission would render needless an independent proceeding for revocation. The law does not require idle acts; and since an appeal, if taken from the order of admission to probate, is an integral part of the probate proceedings, it is a reasonable conclusion that the time for filing a petition for revocation of probate was not meant to start until the proceeding to establish admissibility had been finally adjudicated.

"If a contest filed pending the appeal were to be brought to a hearing before a decision of the appeal, and were to result in favor of the contestant, the very purpose of the appeal from the original order admitting the will would be defeated, and confusion would ensue. Not until the determination of the appeal can it properly be said for the purposes of a contest under section 1327 that a will, meanwhile in a state of suspended animation, has been admitted to probate.

" *   *   *.

"As in the case of a judgment, so in the case of the order of admission to probate, it was final as to the probate court when made, and, as such, subject to appeal; but it was not final as to the subject-matter until the final disposition of the appeal.

" *   *   *.

" *   *   * we are of the opinion that the relation between an order admitting a will to probate and a petition for revocation of probate is such that, in case of an appeal from the order, the time for institution of a contest after probate does not begin to run until the appeal has resulted in a final determination in favor of the admission of the will. Until that time there is, in the legal aspect, no admitted will to revoke."

To make this reasoning in the California case applicable to 58 O.S.1961, §§ 61 and 62

when there has been an appeal from the order admitting a will to probate, the appellee contends that, under the provisions of 58 O.S.1961, § 735, where, as in the present instance, the appeal to the district court from a judgment, order or decree of the county court is on questions of both law and fact, the situation is the same as though the judgment, order or decree appealed from had never been entered, and cites Frensley et al. v. Frensley (1935), 173 Okl. 321, 49 P.2d 731, wherein this court held, in the first paragraph of its syllabus, that: "Upon an appeal which stays proceedings, the subject-matter involved is removed from the jurisdiction of the lower court until the appeal has been determined," and Egbert v. St. Louis & S. F. R. Co. (1915), 50 Okl. 623, 151 P. 228, and Short v. Chaney et al. (1917), 66 Okl. 258, 168 P. 425, wherein this court held that, while a cause is pending in the Supreme Court on appeal, the jurisdiction of the trial court is suspended and jurisdiction is not restored to the trial court until the mandate of the Supreme Court is returned to the trial court and spread upon its records. Also, see: Dooley v. Foreman (1923), 94 Okl. 163, 221 P. 47; American Inv. Co. v. Wadlington et al. (1926), 122 Okl. 56, 250 P. 802; Cameron et al. v. White et al. (1927), 128 Okl. 251, 262 P. 664; and Wagoner Oil & Gas Co. et al. v. Goad et al. (1929), 136 Okl. 29, 275 P. 1036.

These cases involved appeals from the district court to the Supreme Court, but we perceive no reason why the same principles would not be applicable to an appeal from the county court to the district court if the judgment, order or decree appealed from is stayed by such an appeal.

Although we do not agree that 58 O.S. 1961, § 735 has the effect claimed for it by the appellee, this does not mean that an appeal to the district court from an order of the county court admitting a will to probate does not stay such an order.

58 O.S.1961, § 735, which is one of the statutes relating to appeals from the county court to the district court, provides that:

"When the appeal is on questions of fact, or on questions of both law and fact, the trial in the district court must be de novo, and shall be conducted in the same manner as if the case and proceedings had lawfully originated in that court; and such appellate court has the same power to decide the questions of fact which the county court or judge had, and it may, in its discretion, as in suits in chancery, and with like effect, make an order for the trial by jury of any or all material questions of fact arising upon the issues between the parties, and such an order must state distinctly and plainly the questions of fact to be tried."

While it appears that, under this statute, the issues framed in the county court are to be tried in the district court just as though they had never been presented to the county court, the statute does not appear to be concerned with the legal effect of such an appeal.

■ An appeal bond is a jurisdictional requisite in all appeals from the county court to the district court, except when the appeal is by an executor or administrator who has given an official bond as such and the appeal is in the interest of the estate as distinguished from the interest of the person who is the executor or administrator. See 58 O.S.1961, §§ 725 and 740; In re Durkee's Will (1936), 175 Okl. 360, 53 P.2d 576; DeVilliers v. Whitebird et al. (1940), 188 Okl. 38, 105 P.2d 1055. The form of the appeal bond, prescribed by 58 O.S.1961, § 726 does not appear to be intended to serve as a supersedeas bond. Under 58 O.S.1961, §§ 727 and 728, an appeal to the district court from certain types of judgments, orders or decrees of the county court (which do not include orders or decrees admitting wills to probate), stays the judgment, order or decree appealed from, if, but only if, the appeal bond is further conditioned as a supersedeas bond as prescribed in those sections; and 58 O.S.1961, § 732 provides that an appeal from certain types of orders or decrees, including "a decree or order revoking probate of a will" (but not including a decree or order admitting a will to pro-

bate) does not stay the decree or order appealed from. The only one of the "stay" statutes that even mentions an appeal from an order or decree admitting a will to probate is 58 O.S.1961, § 731, under which an appeal from a decree or order admitting a will to probate, or granting letters testamentary or letters of administration, "does not stay the issuing of letters," if, in the opinion of the county judge, manifested by an entry upon the minutes of the court, the preservation of the estate requires that such letters should issue, but the letters so issued do not confer power to sell real property by virtue of any provision in the will, or to pay or satisfy legacies or to distribute the property of the decedent among the next of kin, until final determination of the appeal. This restriction on the powers conferred by letters so issued would not be necessary at all where the appeal was from the decree or order admitting the will to probate, as distinguished from a decree or order providing for the issuance of letters testamentary or letters of administration, if such an appeal did not stay such an order. We are convinced that Sections 727, 728, 731 and 732, above mentioned, provide exceptions to a general rule that an appeal to the district court from the county court, in the manner prescribed in 58 O.S.1961, § 725 and within the time prescribed in 58 O.S.1961, § 724, stays the judgment, order or decree from which the appeal is taken.

We hold that the filing of notice of appeal to the district court from an order of the county court admitting a will to probate, together with proper appeal bond, by one entitled to appeal from such order, in the manner prescribed by 58 O.S.1961, § 725 and within the time prescribed therefor in 58 O.S.1961, § 724, stays the order admitting the will to probate, and that the well-established principles concerning the effect of an appeal which stays the judgment, order or decree appealed from, hereinabove mentioned, are applicable to such an appeal to the district court from an order of the county court admitting a will to probate.

It follows that, in the event an appeal is taken to the district court from an order of the county court admitting a will to probate, the order is not final unless and until the appeal has been finally disposed of and the order or judgment of the appellate court thereon is filed in the county court, so that, in such an event, the statutory time for filing a contest of such will, or of the admission thereof to probate, does not begin to run until the appeal has been finally disposed of and the order or judgment of the appellate court is filed in the county court.

However, since the appeals to the district court from the county court's order of October 1, 1962, admitting the billfold will to probate as the last will and testament of the decedent, were not finally disposed of in the district court until January 12, 1966, when that court overruled the motions for new trial with respect to its judgment affirming that order of the county court, it also follows that, at the time the county court acted upon the appellee's contest petition (March 26, 1964), as well as at the time the appellee filed such petition (October 28, 1963), the county court was without jurisdiction to vacate its order admitting the billfold will to probate and to admit, instead, the check-book will as prayed for in that petition, and, therefore, was correct in denying such petition on that ground.

The question of whether the county court could have delayed consideration of the contest petition which was filed before the time for filing such a petition had commenced to run, until the appeal in question had been finally disposed of by the district court and its judgment thereon had been filed in the county court, and then granted the relief prayed for in the petition, is not presented by this appeal and we express no opinion thereon.

The judgment of the district court, involved herein, hereby is reversed and the cause remanded to the district court with directions to dismiss for lack of jurisdiction

the appeal of Bessie Beatrice Truskey from the county court's order of March 26, 1964, which denied her contest petition filed in the county court on October 28, 1963.

All the Justices concur.