[Civ. No. 8178. Third Dist. Mar. 4, 1953.]

Estate of ALICE MARIE MEYER, Deceased. VIOLA MARIE GUAY et al., Appellants, v. LAFAYETTE E. CARPENTER et al., Respondents.

Lounibos & Lounibos and Geary, Spridgen & Moskowitz for Appellants.

Sullivan, Roche, Johnson & Farraher for Respondents.

VAN DYKE, P. J.—The appeals herein were taken direct to this court. Involving probate matters, they should have been taken direct to the Supreme Court. The error was not noticed by anyone concerned and the appeals were regularly briefed and argued without having been transferred to the Supreme Court. This court rendered its decision and the error was then discovered. Our decision was therefore set aside and the appeals transferred to the Supreme Court. The Supreme Court returned the appeals to this court for decision and they were again calendared for argument and submitted for decision. During the reargument the attention of this court was called to a slight error in the statement of facts contained in our previous opinion which we have now corrected. We are satisfied with the decision heretofore rendered. With the correction in the statement of facts we adopt that opinion as the opinion of the court. That opinion follows as so amended:

Alice Marie Meyer died in Sonoma County, and on September 18, 1947, a will was proposed for probate by the executor therein named. Albert C. Meyer, a son of deceased, contested. Judgment went against him and the document was thereupon admitted as the will of decedent. Thereafter Viola Marie Quay, a daughter of Albert C. Meyer, and also Viola Meyer, his wife, filed contests after probate. In the answers thereto filed by proponents of the will there was set up the special defense that each of said two contestants had actual notice of the preprobate contest in time to have joined therein and that by section 380 of the Probate Code they

were not qualified to contest after probate. This special defense was first tried. It was determined against contestants, following which judgments were entered dismissing each contest. Viola Meyer Guay and Viola Meyer appeal.

It appears that both appellants knew of the pendency of the preprobate contest shortly before November 3, 1947, when the trial of that contest was begun. On that date and while appellants were in the court room attending the trial a previous will of decedent was introduced in evidence. On the following day Viola Marie Guay testified for Albert C. Meyer and on November 5th her mother also was a witness. There were a number of postponements and the trial was not completed until April 15, 1948, when the court ordered the cause submitted for decision. September 30, 1948, the court ordered judgment for the proponents of the will and on October 18th following admitted the will to probate. Within six months thereafter appellants filed their contests, alleging their interests to be that of legatees under the earlier will of decedent which had been introduced in evidence. Each appellant in the petition for revocation of probate alleged that she had no actual notice of the preprobate will contest in time to have joined therein. The court found these allegations to be untrue and affirmatively found that each appellant had had such notice. More specifically the court found as to each appellant that early in the trial of said contest she had knowledge of the fact that there existed a will made by the decedent prior to her making her last will and that she was a beneficiary thereunder.

The question presented by these appeals is whether or not the findings as to notice of contest in time to join are supported by the evidence. This calls for construction and application of Probate Code, section 380, which provides: "When a will has been admitted to probate, any interested person, other than a party to a contest before probate and other than a person who had actual notice of such previous contest in time to have joined therein, may, . . . contest the same . . . ." We think the questioned findings are not supported.

The researches of attorneys for appellants and respondents and of this court have not revealed any decision of the appellate courts of this state determining the specific issues raised by these appeals.

Prior to 1929 the Code of Civil Procedure relating to contests of wills provided as to postprobate contests that when a

will had been admitted to probate any person interested might contest the same; in 1929 the Legislature enacted the qualifying provisions recited above excluding from the interested persons who might contest after probate those who had been parties to preprobate contests or had had actual knowledge thereof in time to have joined therein. Under the older provisions it often happened that persons entitled to contest wills would, instead of joining in a preprobate contest, withhold their contest until such contest had been determined, benefiting equally with the contestants if the will were defeated, and reserving to themselves a second chance to have the will invalidated by postprobate contest. We think it to have been the purpose of the Legislature in the 1929 amendment to discourage this practice. But when this has been said it is still left apparent that the Legislature did not intend to do away with postprobate contests. We think the amendatory legislation was aimed exclusively at those who had full opportunity to contest before probate but preferred to be dilatory, waiting to see what might happen and then filing their contests after probate if disappointed in the outcome of the first contest. When the amendment is considered in the light of its purpose we think that the Legislature did not intend that persons who knew of the pendency of the preprobate contest should be excluded from the class of those who might file postprobate contests if those persons had neither actual nor implied knowledge of their right to contest in that they had neither actual nor implied knowledge that they were interested persons. Appellants here were not heirs of the decedent and had no knowledge of the interest arising by reason of the provisions in their favor in the earlier will. When Albert C. Meyer, the son, filed his preprobate contest, no citation was issued to appellants as interested persons. It appears from the record that the proponent executor had the earlier will in his custody and took no steps to inform appellants of its existence nor to have them joined as interested persons. The result was that appellants wholly lacked any real opportunity to join in the preprobate contest until the trial thereof had been commenced and they had been brought in as witnesses.

█ Coming now to the specific terms of the amendment which deny the right of postprobate contest to a person who had actual notice of a preprobate contest in time to have joined therein, we hold that, although having actual notice of a preprobate contest, a person cannot be said to have had such notice *in time to have joined in the contest* when he did

not possess, expressly or impliedly, a knowledge of his right to contest as an interested person. Up to the time appellants gained knowledge of their interests actual notice of the pendency of the contest meant nothing to them. Whether they had actual notice in time to have joined in the contest must be resolved in view of the purpose of the amendment by considering only that part of the time of actual notice running after they had knowledge that they were interested persons. If they did not get such knowledge in time to join in the contest then we think they did not have actual notice of the contest in time to have joined therein. And that was the situation in which appellants found themselves. That portion of the time during which they had actual notice of the contest without knowledge of their interests must be disregarded. As interested persons, knowing themselves to be such, appellants had *effective* notice of the pending contest only from the second or third day of the trial of that contest.

The period ensuing between this notice and the adverse determination of the preprobate contest was about 11 months. Appellants argue that this period offered them no opportunity to join in the pending contest within the meaning of the code section. Respondents assert that appellants had during that time ample opportunity to join. We think that the Legislature cannot be said to have intended circumscribing to any degree the effectiveness of a contest by appellants if they were entitled to contest at all; and that this would be the result if it were to be held that appellants could be compelled to become parties to a contest after trial thereof had begun. Experienced lawyers and trial judges will readily appreciate the difficulties and the prejudice which a would-be contestant might well suffer if his right to contest were so limited. For example, if the pending contest were being tried to a jury, persons situated as were appellants, if then compelled to join, would have lost the right to join in the selection of that jury, and would have lost the benefit of an opening statement. In any case they would have lost the right of prompt cross-examination of adverse witnesses who might have testified, would have lost the opportunity of pretrial deposition taking, and possibly would have irretrievably lost the right to have the testimony of vital witnesses. Other prejudice which they might suffer can readily be called to mind, but the foregoing is sufficient to show that in reality persons so situated might have lost any real right to a trial of the issues presented by their contest. A right to trial means a right to be present

at and to participate in every phase of the trial. ▇ Included in the right to trial is the right to have counsel of one's own choosing and to have such counsel at all times when necessary to effective representation. ▇ We think the plain meaning of the statute in this respect must be declared to exclude from consideration, while determining whether or not persons situated as were appellants had learned of the contest in time to have joined therein, any period of time ensuing after the beginning of the trial. ▇ Indeed, we think that time to join in a contest ought to provide a reasonable time before trial to prepare adequately therefor. "There can be no such thing as a legal trial, unless both parties are allowed a reasonable opportunity to prepare to vindidate their rights." (*People* v. *Sarazzawski*, 27 Cal.2d 7, 17 [161 P.2d 934].)

The judgments appealed from are reversed and the causes are remanded for further proceedings in accordance herewith.

Peek, J., and Schottky, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 30, 1953.