Filed 10/27/20  Estate of Istrin CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Estate of HERMAN ISTRIN, Deceased. | B302631 (Los Angeles County Super. Ct. No. 16STPB06138) |
| JASON ISTRIN, Contestant and Appellant, v. HAROLD ISTRIN, Individually and as Executor, etc., Objector and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Brenda, J. Penny, Judge.  Affirmed.

RMO, Scott E. Rahn, Sean D. Muntz, and Kevin W. Yang for Contestant and Appellant.

Oldman, Cooley, Sallus, Birnberg, Coleman & Gold, Marc L. Sallus, and Peta-Gay Gordon for Objector and Respondent.

_____

Jason Istrin (Jason) appeals from an order entered after the probate court sustained without leave to amend Harold Istrin's (Harold) demurrer to Jason's Second Amended Petition to Revoke Probate and denied the petition with prejudice. We affirm.

## BACKGROUND

### I.   Preprobate Petitions and Will Contests

Decedent Herman Istrin (Herman) died on May 27, 2016. On November 15, 2016, Herman's wife, Marta Istrin (Marta), filed a petition for probate of a will dated February 16, 2016. Under this purported will, appellant Jason, Herman's grandson, was to take a one-time gift of $3 million, plus four "real estate properties in any state of the United States of America."

On February 21, 2017, respondent Harold, Herman's son and Jason's uncle, filed objections to Marta's petition and a contest of the February 16, 2016 purported will Marta offered. The following day, on February 22, 2017, Harold filed a petition for probate of a will dated October 19, 1993, and two codicils dated April 25, 2015 and December 29, 2015 (the codicils). As set forth in the codicils, under the October 19, 1993 will, Jason was to take $600,000, which was to be transferred to a trust established for Jason's benefit in the Istrin Family Trust dated October 19, 1993.

On February 23, 2017, the probate court held a hearing on Marta's petition. An attorney representing Jason appeared at the hearing and identified Jason as a petitioner, although Jason had not filed or joined a petition or contest in the present matter

2

regarding Herman's will(s). Jason was a petitioner in a related matter before the probate court regarding the Istrin Family Trust in which he offered a February 16, 2016 document—different from the February 16, 2016 document Marta offered as Herman's will—purportedly expressing Herman's intent to leave him $1 million, plus four of Herman's properties (or $2 million less than the amount he was to take under the purported will Marta offered).

On March 16, 2017, Marta filed objections to Harold's petition and a contest of the October 19, 1993 will and codicils Harold offered. Although Jason contended in the trust matter that he was entitled to more from Herman's estate than the October 19, 1993 will and codicils provided, he did not file a will contest or join Marta's contest. Nonetheless, he was represented by counsel at hearings in this matter regarding Marta's and Harold's petitions and will contests.

Marta litigated her will contest in the probate court for more than a year before she and Harold reached a settlement. At an April 30, 2018 hearing at which Jason's counsel was present, the probate court granted Harold's February 22, 2017 petition for probate of the October 19, 1993 will and codicils, pursuant to the settlement agreement between Marta and Harold. The court also appointed Harold as the personal representative of Herman's estate. Without objection from Jason's counsel, the court admitted the October 19, 1993 will and codicils to probate, and the court denied with prejudice Marta's objections to Harold's petition and contest of the October 19, 1993 will and codicils and her petition for probate of the purported February 16, 2016 will, based on the settlement. At the same hearing, Jason's counsel

informed the court that Jason would be filing a first amended petition in the trust matter.

## II.   Jason's Petitions to Revoke Probate

On June 1, 2018, about a month after the probate court admitted the October 19, 1993 will and codicils to probate, Jason filed a petition for probate of a February 16, 2016 will—the same document (or a version of the document) Jason had submitted to the probate court more than a year before in connection with his petition in the trust matter, as referenced above.

On August 21, 2018, Jason filed a Petition to Revoke Probate. The probate court sustained with leave to amend Harold's demurrers to this petition and Jason's November 30, 2018 Amended Petition to Revoke Probate.

On February 11, 2019, Jason filed his Second Amended Petition to Revoke Probate—the pleading before us in this appeal. Therein, he stated he did not file a petition or will contest before the probate court admitted the October 19, 1993 will and codicils to probate because Marta "had priority over [him], and as such, he did not file a competing petition or join Marta['s] petition at that time." He also alleged Herman "executed the February 16, 2016 will [Jason offered, as opposed to the different purported February 16, 2016 will Marta offered] as part of a single document which also contained modifications to decedent's trust." (Italics omitted.)

Harold demurred to Jason's Second Amended Petition to Revoke Probate, arguing, among other things, that the petition is barred by Probate Code[1] section 8270, subdivision (a), which provides, in pertinent part: "Within 120 days after a will is

---

[1] Further statutory references are to the Probate Code.

4

admitted to probate, any interested person, other than a party to a will contest and *other than a person who had actual notice of a will contest in time to have joined the contest*, may petition the court to revoke the probate of the will." (Italics added.) Harold asserted, because Jason had actual notice of Marta's contest of the October 19, 1993 will and codicils in time to have joined the contest, but he failed to join, he is barred under section 8270 as a matter of law from petitioning the probate court to revoke probate of the October 19, 1993 will and codicils. In opposition to the demurrer, Jason argued, among other things, that section 8270 is not a bar to his petition to revoke probate because a "will contest" within the meaning of the statute implies a trial and a final judgment, which did not occur in this matter because Marta and Harold settled their petitions and will contests before a trial was held.

At a May 2, 2019 hearing, the probate court sustained without leave to amend Harold's demurrer to Jason's Second Amended Petition to Revoke Probate and denied the petition with prejudice. Jason appealed.

At the time the parties filed their appellate briefs in this matter, Jason was continuing to pursue relief in the trust matter under the February 16, 2016 document he offered in both the trust matter and this matter.

## DISCUSSION

Jason contends the probate court erred in sustaining Harold's demurrer and denying with prejudice his Second Amended Petition to Revoke Probate. In reviewing a trial court's order sustaining a demurrer, "we examine the [petition] de novo." (*McCall v. PacifiCare of California* (2001) 25 Cal.4th 412, 415.)

5

As set forth above, section 8270, subdivision (a) bars a petition to revoke the probate of a will if the petitioner was a party to a will contest or "had actual notice of a will contest in time to have joined the contest." Jason, who appeared through counsel in the proceedings regarding Marta's will contest, clearly had actual notice of Marta's contest of the October 19, 1993 will and codicils more than a year before the probate court granted Harold's petition for probate of the October 19, 1993 will and codicils, admitted the October 19, 1993 will and codicils to probate, and denied with prejudice Marta's objections to and contest of the October 19, 1993 will and codicils, pursuant to the settlement between Marta and Harold. Jason did not join Marta's contest or object to the probate court's disposition of Marta's and Harold's petitions and will contests based on the settlement.

The only exceptions to section 8270, subdivision (a)'s bar on petitions to revoke the probate of a will, where the petitioner was a party to a will contest or had actual notice of a will contest in time to have joined the contest, apply to minors or persons who were "incompetent and had no guardian or conservator at the time a will was admitted to probate," neither of which apply to Jason. (§ 8270, subd. (b).) Jason's statement in his Second Amended Petition to Revoke Probate that Marta "had priority over [him], and as such, he did not file a competing petition or join Marta['s] petition at that time" is not an exception to section 8270, subdivision (a)'s bar, and Jason can cite no authority indicating otherwise.

The language in section 8270, subdivision (a) barring petitions to revoke probate " 'was aimed exclusively at those who had full opportunity to contest before probate but preferred to be

6

dilatory, waiting to see what might happen and then filing their contests after probate if disappointed in the outcome of the first contest.' " (*Estate of Moss* (2012) 204 Cal.App.4th 521, 537 (*Moss*) [interpreting language in section 8270, subdivision (a)], quoting *Estate of Meyer* (1953) 116 Cal.App.2d 498, 501 (*Meyer*) [interpreting language in section 8270's statutory predecessor, former section 380].)  Jason argues he did not have a full opportunity to contest the October 19, 1993 will and codicils before they were admitted to probate, notwithstanding that Marta litigated her contest for more than a year, and Jason's counsel participated in the proceedings with knowledge that Jason claimed he was entitled to more from Herman's estate than the October 19, 1993 will and codicils provided.  Jason bases his argument on his assertion that Marta's contest of the October 19, 1993 will and codicils was not a contest within the meaning of section 8270, subdivision (a) because it was resolved by a settlement rather than a trial.  He relies on case law stating: "When the contest is dismissed before trial of the issues there ceases to be a contest; in other words, there has not been a determination of the issues.  A 'contest' implies a trial and final judgment.  The mere institution of a contest and dismissal without a trial is not a contest." (*Estate of Hoover* (1934) 139 Cal.App. 753, 760 (*Hoover*); *Moss*, at p. 536.)  The cases on which Jason relies are factually distinguishable and demonstrate why his petition is barred under section 8270, subdivision (a).

In *Hoover*, *supra*, 139 Cal.App. 753, the petitioner filed a contest to the admission to probate of a will and codicils, but she voluntarily dismissed the contest without prejudice before a hearing on the contest.  After the will and codicils were admitted to probate, the same petitioner filed a petition for revocation of

7

probate of the will and codicils. (*Id*. at p. 755.) The Court of Appeal concluded former section 380, section 8270's statutory predecessor, prohibits "two successive trials of the same issues" and was not a bar to the postprobate petition because the petitioner voluntarily dismissed her preprobate petition before trial and there had been no determination of the issues. (*Hoover*, at pp. 759-760.) Here, in contrast, after more than a year of litigation, the probate court *denied with prejudice* Marta's contest of the October 19, 1993 will and codicils and granted Harold's petition for probate of the October 19, 1993 will and codicils, based on the settlement between Marta and Harold. There was a determination of the issues in Marta's will contest—a contest of which Jason had actual notice in time to join before the probate court admitted the October 1993 will and codicils to probate.

In *Meyer*, *supra*, 116 Cal.App.2d 498, the Court of Appeal concluded former section 380 did not bar petitions for revocation of the probate of a will where the petitioners had actual notice of a preprobate contest of a will because they were witnesses at the trial of the will contest. The appellate court explained the petitioners did not know they were interested persons until an earlier will naming them as beneficiaries was introduced during the trial. (*Id*. at pp. 499-500.) The court held that, "although having actual notice of a preprobate contest, a person cannot be said to have had such notice *in time to have joined in the contest* when he did not possess, expressly or impliedly, a knowledge of his right to contest as an interested person." (*Id*. at pp. 501-502.) Here, in contrast, during the entire year that Marta litigated her contest of the October 19, 1993 will and codicils, Jason had knowledge of his right to contest the October 19, 1993 will and codicils, as a beneficiary of the purported February 16, 2016 will

8

Marta offered, as well as the February 16, 2016 document he submitted in the trust matter and now claims is Herman's true will. Jason had actual notice of Marta's will contest with ample time to have joined before the probate court denied the contest with prejudice based on the settlement.

Finally, in *Moss*, *supra*, 204 Cal.App.4th 521, the last of the three cases on which Jason relies, the probate court dismissed the appellant's and others' preprobate will contests and admitted a will to probate "under the apparent misconception that the contestants could simply file postprobate contests." (*Id.* at p. 540.) The Court of Appeal concluded section 8270, subdivision (a) does not bar a petition to revoke probate of a will where the probate court failed to consider preprobate contests and "in effect treated the preprobate contests as if [the] contestants had voluntarily dismissed their contests." (*Moss*, at p. 540.) Like the appellate court in *Hoover*, *supra*, the appellate court in *Moss* reasoned that a will contest that is voluntarily dismissed before a determination of issues is not a contest within the meaning of section 8270, subdivision (a). (*Moss*, at p. 540.) Here, in contrast, the probate court did not fail to consider Marta's will contest, nor did Marta voluntarily dismiss her will contest without prejudice. The probate court denied Marta's will contest *with prejudice* and granted Harold's petition for probate of the October 19, 1993 will and codicils, based on the parties' settlement. This constitutes a will contest within the meaning of section 8270, subdivision (a). It was finally determined; Marta could not come back and reopen her contest after it was denied with prejudice. Jason failed to join that will contest, and he is now barred by statute from petitioning to revoke probate.

9

As explained in *Moss, supra,* 204 Cal.App.4th at page 537, section 8270, subdivision (a) was aimed at preventing the conduct Jason engaged in here. He " 'had full opportunity to contest before probate but preferred to be dilatory, waiting to see what might happen and then filing [his] contest[] after probate [because he was] disappointed in the outcome of the first contest.' " (*Moss,* at p. 537.) He sat by and watched as Marta litigated her contest of the October 19, 1993 will and codicils for over a year, all the while knowing he was a beneficiary under the purported February 16, 2016 will Marta offered, as well as the February 16, 2016 document he submitted in the trust matter and now claims is Herman's true will.[2] He failed to object when the probate court denied Marta's will contest with prejudice, granted Harold's petition, and admitted the October 19, 1993 will and codicils to probate, based on the settlement. His petition to revoke probate is barred under section 8270, subdivision (a) as a matter of law because he had actual notice of Marta's will contest in time to have joined the contest. Jason cannot amend his petition to plead around section 8270, subdivision (a)'s bar, and he does not suggest an amendment. Accordingly, the trial court did not err in sustaining without leave to amend Harold's demurrer to Jason's Second Amended Petition to Revoke Probate and denying the petition with prejudice.[3]

---

[2] As set forth above, Jason stood to take more from Herman's estate under the purported February 16, 2016 will Marta offered than from either the October 19, 1993 will and codicils or the February 16, 2016 document he now claims is Herman's true will.

[3] Because we conclude section 8270, subdivision (a) bars Jason's Second Amended Petition to Revoke Probate as a matter

## DISPOSITION

The order is affirmed.  Respondent is entitled to recover costs on appeal.

NOT TO BE PUBLISHED


                                        CHANEY, J.

We concur:



        ROTHSCHILD, P. J.



        SINANIAN, J.*

---

of law, we need not address the other grounds on which Harold argued the probate court could sustain the demurrer.

* Judge of the Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.